JAMES A. HUGHES, Appellant,

*v.*

THE GLOBE COMPANY, INC., the Planet Insurance Company, and the Reliance Insurance Company, Appellees.

452 S.W.2d 859.

(*Nashville,* December Term, 1969.)

Opinion filed March 30, 1970.

RICHARD B. POLK, Franklin, for appellant.

J. C. SUMMERS, T. O. MORRIS, Nashville, for appellees.

MR. SPECIAL JUSTICE ERBY L. JENKINS delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court of Davidson County, sustaining a demurrer of the defendants, The Globe Company, Inc., et al., and dismissing the plaintiff's petition to reopen a workmen's compensation case.

The pertinent facts of the case are as follows: On November 10, 1965, the plaintiff injured his right leg while jumping to the ground from a heavy equipment roller. On January 10, 1967, he sustained a frostbite to the second toe of his right foot; and on October 16, 1967, the plaintiff stumped the big toe on his right foot. As a result of the above injuries the court awarded the plaintiff fifty (50%) percent permanent partial disability to his right leg. This Court affirmed the judgment of the trial court, *Globe Co. v. Hughes,* (1969) 223 Tenn. 37, 442 S.W.2d 253.

After the trial in the above cause the plaintiff had his right leg amputated above the knee and his left foot removed above the ankle.

On June 20, 1969, the plaintiff filed a petition to reopen the case, alleging that the subsequent amputations were caused by the frostbite injuries, which this Court ruled were compensable.

The defendants filed a demurrer to the petition, pleading the Statute of Limitations and that the matters alleged in the petition had been previously adjudicated. The court sustained the demurrer and plaintiff has appealed to this Court.

T.C.A. Section 50-1025 is the only provision of our workmen's compensation law which provides for the reopening of a compensation case and a modification of the award. *Leaver v. Rudy Sausage Company* (1960) 206 Tenn. 313, 333 S.W.2d 555. Although the above section explicitly states that:

"All amounts paid by employer and received by the employee * * *, by lump sum payments, shall be final,

but the amount of any award payable periodically for more than six (6) months may be modified * * *,"

it has been held that T.C.A. Section 50-1006, which deals with setting aside court-approved settlements, impliedly repealed the first part of this section providing that lump sum payments shall be final, *Bledsoe County Highway Department v. Pendergrass* (1959) 205 Tenn. 697, 330 S.W.2d 313.

Thus, by virtue of T.C.A. Sections 50-1025, 50-1006 and the Bledsoe case the only type of awards in a compensation case that may be reopened and modified are court-approved settlements, even though they may provide for a lump sum payment, or awards payable periodically for more than six (6) months.

There was no court-approved settlement involved in this case. The plaintiff had his day in court. His claim for compensation was litigated and his rights under the compensation law were fully and judicially determined.

Neither was the amount awarded this plaintiff payable periodically for more than six months. Thus, the judgment in the previously decided case is final, and the plaintiff is precluded from reopening that case and requesting a modification of the award made thereunder.

While it is true that the Workmen's Compensation Laws are liberally construed in favor of the worker, and this particular case is one that elicits the sympathies of the Court, we cannot lose sight of the fact that industry large and small bears the financial burden in these cases, and to let sympathy, however strong, control our thinking would cast too great a burden on industry and would eventually be destructive of the intent of the Act itself.

The plaintiff earnestly contends that T.C.A. Section 50-1006, which provides for setting aside court-approved settlements, should also be applicable where the employee is forced to go to trial but the award does not secure to the employee in a substantial manner the benefits of the Act. Such is a result to be desired. However, this Court is bound by the legislative mandate of T.C.A. Sections 50-1006 and 50-1025; and until the Legislature sees fit to remedy such an injustice the courts are precluded from reopening awards that are the result of litigation, where the award is not payable periodically for more than six months.

For the above reasons the assignment of error is overruled, and the order of the circuit court is affirmed. The costs incident to this appeal are taxed against the appellant and the sureties on his bond.

DYER, CHIEF JUSTICE, and CRESON, HUMPHREYS and McCANLESS, JUSTICES, concur.