**John MALKIEWICZ, et al.**

v.

**R.R. DONNELLEY & SONS COMPANY.**

**No. 3–87–0147.**

United States District Court, M.D. Tennessee, Nashville Division.

Jan. 5, 1989.

---

F. Dulin Kelly, Kelly & Jones, Hendersonville, Tenn., for plaintiffs.

Stafford McNamee, Jr., Bass, Berry & Sims, Nashville, Tenn., for defendant.

## MEMORANDUM

WISEMAN, Chief Judge.

An "employer" under Tennessee's Workers' Compensation Law is liable for work-

ers' compensation benefits only. *See* Tenn. Code Ann. § 50–6–108 (1983). Tennessee law extends this immunity to the employer's insurer. *See* Tenn.Code Ann. § 50–6–102(a)(3) (1983) (including an employer's insurer within the definition of "employer"); *Spears v. Morris & Wallace Elevator Co.*, 684 S.W.2d 620, 622 (Tenn. Ct.App.1984). Tennessee also allows employers satisfying certain requirements to become self-insured for workers' compensation purposes. *See* Tenn.Code Ann. § 50–6–405 (1983). This Court must decide whether the guarantor of a self-insured employer's obligations is entitled to the same immunity as a workers' compensation insurer.

This is a model case for certification. The issue is one of first impression and is critical to Tennessee's workers' compensation scheme. Tennessee, however, lacks a certification procedure by which the issue could be resolved decisively. This Court therefore must divine state law and hope that a Tennessee court someday does not disavow today's divination.

Donnelley Printing Company (Donnelley Printing) owns and operates a printing plant in Gallatin, Tennessee. Donnelley Printing is a wholly-owned subsidiary of defendant R.R. Donnelley & Sons, Inc. (Donnelley & Sons). Donnelley Printing is self-insured for workers' compensation purposes in Tennessee. *See* Def.Exh. 1. Donnelley & Sons is the guarantor of Donnelley Printing's obligations to its injured employees. *See id.*

Plaintiffs John Malkiewicz and Tim Lemons were injured in the course of their employment at Donnelley Printing's Gallatin plant in early 1986. They and their spouses assert in this action that, among other things, Donnelley & Sons was negligent in providing safety services at its subsidiary's plant. This Court grants defendant's motion to dismiss this action. Defendant, as guarantor of Donnelley Printing's workers' compensation obligations, is

immune from liability under the Tennessee Workers' Compensation Law.[1]

Granting guarantors the same immunity as insurers is the only outcome compatible with Tennessee's statutory scheme. This Court finds no principled distinction between an employer's insurer and the guarantor of a self-insured employer. The employer is primarily liable in either case. The insurer or guarantor merely assures that injured employees receive the benefits to which they are entitled. The Self–Insurance Division of Tennessee's Department of Commerce and Insurance thus required Donnelley & Sons to guarantee Donnelley Printing's obligations to its employees before granting Donnelley Printing self-insured status. *See id.*

The Tennessee Legislature had good reason for granting immunity to insurers. Workers' compensation insurers have an economic incentive to assist their clients in providing a safer work environment. This behavior is desirable; everyone benefits when insurers apply their experience and expertise to reduce work hazards.

The law discourages this desirable activity absent immunity. Insurers have no legal duty to prevent accidents. But by attempting to improve worker safety insurers may become liable to those employees who are injured. *See, e.g.,* Restatement (Second) of Torts § 324A (1965). The result is obvious. "If an insurance company can escape tort liability altogether by not making any inspections on the premises of the insured, but may incur unlimited tort liability by making some inspections; it more than likely will decline to make any, unless required to do so by statute. The ultimate losers will be workmen and their families." *Kotarski v. Aetna Cas. & Sur. Co.*, 244 F.Supp. 547, 558–59 (E.D.Mich. 1965), *aff'd,* 372 F.2d 95 (6th Cir.1967), *disavowed as a statement of Michigan law, Ray v. Transamerica Ins. Co.*, 10 Mich. App. 55, 158 N.W.2d 786 (Mich.Ct.App.

---

**1.** This Court does not decide whether, absent defendant's status as guarantor, Donnelley & Sons sufficiently controls Donnelley Printing to share in its subsidiary's immunity. *Cf. Boggs v. Blue Diamond Coal Co.*, 590 F.2d 655 (6th Cir.

1978), *cert. denied,* 444 U.S. 836, 100 S.Ct. 71, 62 L.Ed.2d 47 (1979) (parent corporation seeking to share subsidiary's immunity); *Gaines v. Excel Indus.*, 667 F.Supp. 569 (M.D.Tenn.1987) (same).

1968). *See also Kifer v. Liberty Mutual Ins. Co.*, 777 F.2d 1325, 1334 (8th Cir.1985) (noting that failure to grant immunity to insurers would have several negative consequences, including "the abandonment of many safety programs currently undertaken by workers' compensation carriers"). Granting immunity to insurers removes a legal impediment to desirable behavior.

This policy reason for insurer immunity applies equally to those who guarantee the obligations of self-insured employers. A guarantor, like an insurer, has an economic incentive to help create a safe work environment. Absent immunity, however, a guarantor has a legal disincentive to engage in behavior the Tennessee Legislature has deemed desirable.

A corporation such as Donnelley & Sons is not legally responsible for the working conditions of its subsidiary's employees merely on the basis of the parent-subsidiary relationship. *See, e.g., Muniz v. National Can Corp.*, 737 F.2d 145, 148 (1st Cir.1984). But any guarantor that undertakes to improve safety for the workers whose benefits it guarantees becomes potentially liable under § 324A. Extending immunity to guarantors therefore removes a legal obstruction to desired activity. Extending immunity to guarantors also is the only way to ensure an uninhibited choice between insured and self-insured status under Tennessee law.

A guarantor of a self-insured employer is entitled to the same immunity as an insurer under the Tennessee Workers' Compensation Law. This action is dismissed.