John MALKIEWICZ, Chelli Malkiewicz, Tim Lemons and Micki Lemons, Petitioners,

v.

R.R. DONNELLEY & SONS COMPANY, Respondent.

Supreme Court of Tennessee, at Nashville.

Aug. 13, 1990.

F. Dulin Kelly, Hendersonville, for petitioners.

Stafford McNamee, R. Dale Grimes, Bass, Berry & Sims, Nashville, for respondent.

R. David Strickland, Lynn Bergweck, Hill, Boren, Drew & Martindale, Jackson, for amicus curiae Tennessee Trial Lawyers Ass'n.

OPINION

WILLIAM J. HARBISON, Special Justice.

This case is before the Court upon a certified question from the United States Court of Appeals for the Sixth Circuit. The Court accepted the case under the provisions of its Rule 23. It has received thorough briefs of counsel, heard oral argument and now responds to the issue certified, which is:

"Under Tennessee's Workers' Compensation scheme (Tenn.Code Ann. 50–6–101, *et seq.*) is the "guarantor" of a "self-insured" employer's obligations entitled to the same immunity from suit afforded an "insurer" of an employer's worker's compensation obligations?"

After trial on the merits, the United States District Court at Nashville answered the question in the affirmative. *Malkiewicz v. R.R. Donnelley & Sons Co.*, 703 F.Supp. 49 (M.D.Tenn.1989). On appeal the matter was certified here. The question is one of first impression in this state, and apparently there is little precedent elsewhere.

In our opinion the District Court correctly resolved the issue under Tennessee law. Under the "exclusive remedy" provisions of the Tennessee Workers' Compensation Law, an employee cannot pursue a common-law tort action against an employer who has qualified under and has complied with the provisions and requirements of the workers' compensation statutes. T.C.A. § 50–6–108. An "insurer" of the employer's liability under the statute is included within the definition of "employer" and is protected under the same exclusivity provisions. T.C.A. § 50–6–102(a)(3); *Spears v. Morris & Wallace Elevator Co.*, 684 S.W.2d 620 (Tenn.App.1984) (employee of insurer also protected).

In the present case Respondent R.R. Donnelley & Sons Company was not the employer of the injured workers (or their wives) who sued it in a tort action in the District Court, nor was it the insurance carrier for the employer. For nearly seven years before the accident in question on February 21, 1986, however, Respondent

had guaranteed the payment of workers' compensation benefits by the employer of the injured petitioners and had furnished its own annual certified financial statements as evidence of the employer's ability to pay all claims against it under the compensation act. *See* T.C.A. §§ 50–6–405(a)(2) and (b)(2).

Respondent is referred to in the record as a "guarantor", but the actual documents executed by it are not before us. It is undisputed that the Respondent furnished all necessary instruments and furnished all necessary information and evidence of financial security to enable the employer of Petitioners to qualify as self-insured under the applicable statutes. It is by virtue of these actions and not because of any other relationship between itself and the employer or the employees that Respondent insists that it is entitled to the same immunity from a tort action that is afforded to an employer and to the insurance carrier of an employer.

Since the case is here on a certified question of law, the factual background requires only brief discussion. The Petitioners, John Malkiewicz and Tim Lemons, were employed on the date of the accident by Donnelley Printing Company at its printing plant in Gallatin, Tennessee. The employer is a Pennsylvania corporation. It is a wholly owned subsidiary of Respondent, R.R. Donnelley & Sons Company (a Delaware corporation). The parties agree that the two corporations are separate entities. The parent, Respondent here, acknowledges that ordinarily it could be a "third party", subject to a tort action for negligence within the meaning of the state workers' compensation law and that it is not immune as a statutory employer or by reason of the parent-subsidiary relationship.[1] The claim against the Respondent is that it negligently provided inadequate safety services, inspection and cleaning procedures for the subsidiary's employees. The two employee-petitioners were injured in an explosion while cleaning the presses at the subsidiary's plant.

In state court proceedings under the workers' compensation statutes, the injured employees were awarded substantial judgments against their immediate employer. They then brought the present suit against Respondent. There was evidence in the federal trial that the Respondent either paid or provided funds to pay the workers' compensation judgments.

Under Tennessee law an employer subject to the workers' compensation statutes is required to provide insurance to cover its liability, T.C.A. § 50–6–405(a)(1), or to qualify as self-insured, T.C.A. § 50–6–405(a)(2). The employer in this case has been self-insured at least since 1979, and its parent, the Respondent, furnished the requisite proof of financial security on behalf of the employer. The statutes require the self-insured employer to deposit $125,000 worth of securities or a bond in that amount with the Commissioner of Commerce and Insurance. T.C.A. § 50–6–405(b)(1). In addition, the employer must furnish to the Commissioner "satisfactory proof of his financial ability to pay all claims that may arise against him under this Chapter and guarantee the payment of the same...." T.C.A. § 50–6–405(a)(2). Evidence of such financial ability in the form of certified financial statements must be furnished annually. T.C.A. § 50–6–405(b)(2). These statements must show all reserves for losses incurred in connection with self-insurance. (*Id.*)

The District Court found that the subsidiary, which employed Petitioners, was unable to meet the statutory requirements for self-insurance, and that the Respondent, the parent corporation, was required to do so in order that the employer might qualify as self-insured. These factual findings are not at issue here. Nor is there any suggestion that the arrangement was entered into as a device or contrivance for any kind of improper purpose. The Respondent had guaranteed the employer's self-insured sta-

---

1. Cf. *Boggs v. Blue Diamond Coal Co.*, 590 F.2d 655 (6th Cir.1979), *cert. denied*, 444 U.S. 836, 100 S.Ct. 71, 62 L.Ed.2d 47 (1979); *Gaines v.*

*Excel Industries, Inc.*, 667 F.Supp. 569 (M.D. Tenn.1987).

tus for about seven years before the accident involved here.

Under these circumstances we are of the opinion, as was the federal District Judge, that there is no "principled" distinction between the status of a workers' compensation insurer and that of Respondent, which guaranteed the employer's financial ability to comply with the workers' compensation statutes. 703 F.Supp. at 50. The District Court stated:

"The employer is primarily liable in either case. The insurer or guarantor merely assures that injured employees receive the benefits to which they are entitled. The Self-Insurance Division of Tennessee's Department of Commerce and Insurance thus required Donnelley & Sons to guarantee Donnelley Printing's obligations to its employees before granting Donnelley Printing self-insured status."

*Id.*

Petitioners assert that Tennessee is one of only 13 states which by statute grant immunity from tort actions to insurers under workers' compensation programs. Apparently only one state, New Mexico, expressly extends statutory immunity to guarantors or sureties as well as to insurers. N.M.S.A. § 52–1–6. Petitioners recognize a trend in judicial decisions to extend immunity to insurance carriers in states where they are not immunized by statute. *See Kifer v. Liberty Mutual Insurance Co.,* 777 F.2d 1325 (8th Cir.1985).

Petitioners insist, however, that there are significant differences between insurance carriers and guarantors, stressing the legal definitions of the two concepts. They also assert that the General Assembly could have included the term "guarantor" in the definition of "employer" had it intended that result. They insist that the Court should not add terms to the statute not included by the General Assembly and point out that the statute embracing "insurer" within the definition of "employer" has not been amended since 1919. They urge strict construction of the exclusive remedy provisions of the statute.

Respondent, on the other hand, asserts that the reasons for granting immunity to insurers by judicial decision in states where they are not referred to in statutes also apply here, especially under the facts of this case. One reason for immunizing an insurer is that the insurance carrier often assists an employer to provide a safe work environment, a function or service which it might not undertake or would undertake only with reluctance if subject to common-law tort liability. Respondent points out that the claim against it is for negligence with respect to safety practices and procedures furnished by it to the employer of Petitioners, a function which an insurance carrier might well have undertaken.

We have carefully considered the contentions of the parties. We believe that inclusion of a guarantor within the definition of "employer" so as to afford it the benefit of the exclusive remedy provisions of the statutes is consistent with the legislative purpose of insuring to injured workers solvent and responsible sources of recovery under the compensation program. Like the employer, the guarantor, or entity which will "guarantee the payment" of compensation benefits "in the amount and manner when due as provided for in this chapter", T.C.A. § 50–6–405(a)(2), is liable without fault for those benefits. When it pays them, funds their payment or assumes responsibility for them, it should stand in the same position as the employer or insurer with respect to the exclusivity provisions, in the absence of proof of a scheme or device to escape legitimate obligations. The Commissioner of Commerce and Insurance must approve any guaranty arrangement and, in our opinion, is unlikely to authorize one entered into for any purpose inconsistent with the statutory objectives.

On the other hand, the cost of workers' compensation insurance is great and is increasing. For some employers it is almost prohibitive. A solvent and responsible guarantor of an employer's liability serves a legitimate purpose, and such a guarantor should not be exposed to tort liability any more than the employer whose functions and responsibilities it secures.

We do not find it necessary to utilize canons of statutory construction to resolve the issue. If an employer and its insurer are exempt from tort actions, in our opinion so is a person or entity which "guarantees" the employer's liability as required by the statutes under the supervision and with the approval of the Commissioner of Commerce and Insurance. Such a guarantor should not be deemed a third party subject to a tort action by an injured employee under T.C.A. § 50–6–112. It is the duty of an employer to "secure payment of compensation as required by the Workers' Compensation Law." Otherwise it may be deprived of its common-law defenses and of the exclusive remedy protection. T.C.A. § 50–6–111. A guarantor which provides the necessary security has the same position as an insurer.

The certified question is answered affirmatively. The cause will be returned to the federal appellate court for further proceedings. Costs here will be taxed one-half to Petitioners and one-half to Respondent.

DROWOTA, C.J., and DAUGHTREY and O'BRIEN, JJ., concur.

FONES, J., dissents in separate opinion.

FONES, Justice, dissenting.

It seems to me that the majority opinion makes an addition to the Workers' Compensation Act that encroaches upon the domain of the legislature.

A guarantor of a self-insured employer's liability under the Act is not an insurer, qualified as such and regulated as such under the laws of this State. Workers' Compensation insurers enjoy immunity from tort liability because the legislature included "insurer" in the definition of "employer." Guarantors are not included in that definition.

It may well be that any guarantor who assists an employer to gain self-insured status under the Act, regardless of relationship to the entity of the employer, should be accorded that status of immunity from tort liability. However, it is a grant of a substantial legal privilege, and the decision to grant or withhold belongs, in my opinion, to the legislature.

This Court has consistently resisted the invitation of litigants to read something into the Workers' Compensation statutes that was not within the language of the Act.

In *Tennessee Copper Co. v. Shelton*, 163 Tenn. 202, 204, 42 S.W.2d 346 (1931), Mr. Justice Chambliss said:

> However plausible may be the reasons suggested for such a rule, the language of the amendatory act is so unambiguous as to leave no room for construction. The language being plain the Courts may only enforce it as written.

In *Bituminous Casualty Corp. v. Smith*, 200 Tenn. 13, 20, 288 S.W.2d 913, 916 (1956), Mr. Justice Tomlinson responded to a charge of inequity in certain provisions of the Act as follows:

> At any rate, such questions are matters which, under our system of government, must be answered by the legislature. The Courts must take the statute as that body has enacted it.

In *Lindsey v. Hunt*, 215 Tenn. 406, 422, 387 S.W.2d 344, 345 (1965), Chief Justice Burnett said:

> Basically, the compensation laws are creatures of the Legislature, and any changes in their already valid structure should come from the Legislature and not the courts.

*Cordell v. Sky Rides of America, Inc.*, 218 Tenn. 485, 404 S.W.2d 488 (1966); *Chapman v. Clement Brothers, Inc.*, 222 Tenn. 223, 435 S.W.2d 117 (1968); *Hughes v. Globe Co.*, 224 Tenn. 208, 452 S.W.2d 859 (1970); *Aerosol Corp. of the South v. Johnson*, 222 Tenn. 339, 435 S.W.2d 832 (1968); and *Willoughby v. Warstler & Egly Bakery, Inc.*, 201 Tenn. 277, 298 S.W.2d 727 (1957) express the same principle.

It also seems to me that the arguments advanced by the parties, for and against immunity, are best evaluated by the legislature. The act of extending tort immunity to a class or group or category of entities in a particular business relationship is, in

my opinion, a pure question of public policy. "All questions of public policy are for the determination of the legislature and not for the courts." *Cavender v. Hewitt,* 145 Tenn. 471, 475–476, 239 S.W. 767 (1922). The bottom line issue in this case is whether there is any distinction, "principled" or otherwise, between "insurers" and "guarantors" of any stripe, *for the purpose of the award of immunity from tort.* Whether the answer is yes or no, it is the province of the legislature to make that decision.