IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 27, 2002 Session

## STATE OF TENNESSEE, EX REL. ANNE B. POPE v. UNITED STATES FIRE INSURANCE COMPANY, ET AL.

**Appeal from the Chancery Court for Hamilton County**
**No. 02-0079      W. Frank Brown, III, Chancellor**

**FILED FEBRUARY 28, 2003**

**No. E2002-01092-COA-R3-CV**

This is a suit by the State of Tennessee, ex rel. Anne B. Pope, in her official capacity as Commissioner of the Tennessee Department of Commerce and Insurance, against the following Defendants: United States Fire Insurance Company; United States Fidelity and Guaranty Company; Employers Reinsurance Corporation; Utica Mutual Insurance Company; Insurance Company of North America; and Safeco Insurance Company of America. The suit seeks to require the Defendant Corporations to deposit with a Receiver approved by the Chancery Court the principal amount of the last rider to a bond that they had executed to ensure payment of worker's compensation benefits that might be owed by North American Royalties, Inc., and its subsidiaries, Wheland Holding Company, Inc., Wheland Manufacturing Company, Inc., and Wheland Foundry, LLC. The suit was initiated because North American Realties, Inc., which sought bankruptcy protection, was self-insured pursuant to T.C.A. 50-6-405. A number of employees who contended they were entitled to benefits under the Worker's Compensation Statute intervened, insisting that the Companies which had executed the bonds were liable for the aggregate amount thereof, rather than the amount shown on the last rider issued as to the bonds in question. The Trial Court found in favor of the Insurance Companies. We affirm.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Thomas L. Wyatt, Chattanooga, Tennessee, for the Appellants/Intervening Petitioners, Carlise Cagle, David Seale, Bradley Hatfield, Doug West, Sr., Richard Cole, James Workman, Silas Passmore, Jim T. Dickson and Eddie Hart, Sr.

Paul G. Summers, Attorney General and Reporter, and Sarah Ann Hiestand, Senior Counsel, Finance Division, Office of the Attorney General, for the Appellee State of Tennessee, ex rel. Anne B. Pope, Commissioner of the Tennessee Department of Commerce and Insurance

John M. Gillum, Nashville, Tennessee, for the Appellee United States Fidelity and Guaranty Company

William E. Godbold, III, Chattanooga, Tennessee, for the Appellee Employers Reinsurance Corporation

William L. Norton, III, of Nashville, Tennessee, for the Appellee, United States Fire Insurance Company

**OPINION**

The Intervening Petitioners appeal.

Because there are no disputed facts, resolution of this appeal becomes a question of law decided by this Court, unaccompanied by a presumption of correctness of the determination below. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993); *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996).

Counsel for the Intervening Petitioners concedes in the brief he filed that there is no Tennessee case precisely in point. He does, however, correctly argue in his brief as follows:

> The Tennessee Workers' Compensation Act is a creature of the Legislature, the purpose of which is to increase the right of employees to be compensated for injuries arising out of their employment. *Aerosol Corp. v. Johnson*, 222 Tenn. 339, 435 S.W.2d 832 (1968); *W. S. Dickey Mfg. Co. v. Moore*, 208 Tenn. 576, 347 S.W.2d 493 (1961). It is to be liberally construed to accomplish its intended purpose - compensation for work injuries. *Bishop Baking Co. v. Forgery,* 538 S.W.2d 602 (Tenn. 1976). Its provisions are written into every employment contract governed by Tennessee law. *Barham v. Southeastern Motor Truck Lines*, Tenn. 532, 201 S.W.2d 678 (1947).

He also presents three cases which he contends tend to support his position.

In *Karstens v. Wheeler Millwork Cabinet & Supply Co., Inc.*, 614 S.W.2d 37 (Tenn. 1981), the employer purchased a policy for worker's compensation and was issued a certificate of compliance which was filed with the Department of Labor. At the time of the issuance of the certificate, the employer employed more than five employees. Later, the work force was reduced to less than five and one of the employees was injured. The employer sought to cancel the policy retroactively to the date when the work force fell below five employees.

-2-

Both the employer and the insurance company attempted to avoid payment of benefits because the employer reduced its work force. The Supreme Court required that the benefits be paid, holding that the public record maintained by the Department of Labor superceded any facts or contractual status existing between the employer and the insurance company.

In the second case, *Malkiewicz v. R. R. Donnelley & Sons Company*, 794 S.W.2d 728 (Tenn. 1990), the injured employee sought to bring suit against the party providing the security under which the employer qualified as a self-insurer. The guarantor sought and was ultimately granted by the Supreme Court the protection of the tort immunity afforded under the Worker's Compensation Statute.

With all due respect, we do not believe either case aids us in resolution of this appeal.

The third case relied upon by the Intervening Petitioners is *Green v. United States Fidelity & Guaranty Co.*, 185 S.W. 726 (Tenn. 1916). There, our Supreme Court held a fidelity bond renewed annually upon payment of the annual premium created separate annual contracts, which provided security each year up to the penal sum of the bond.

Counsel for the Intervening Petitioners does recognize that there are factual distinctions between the bond in *Green* and the bonds here at issue, and that in *Green*, the bond was for the term of one year and renewal certificates were issued annually upon payment of the annual premium. This distinction is pointed out in *Fourth & First Bank & Trust Co. v. Fidelity & Deposit Co. of Maryland*, 281 S.W. 785 (Tenn. 1926), hereinafter discussed.

*Fourth & First Bank & Trust Co. v. Fidelity & Deposit Co. of Maryland*, 281 S.W. 785 (Tenn. 1926), was relied upon by the Chancellor and supports his resolution. The brief of USF&G accurately states the facts and holding of that case:

> The Fourth & First decision is analogous to the present case, in that USF&G's Bond, like that in Fourth & First, was for an indefinite period, subject to cancellation. If anything, the bank in Fourth & First had a stronger argument than Intervening Petitioners because that bond specifically referenced the payment of annual premiums. Despite that fact, the Fourth & First decision determined that, like the USF&G Bond, "the original obligation was not limited to a year," and that "[a]t the end of the first year, the bond went on, whether the premium was paid or not." Fourth & First, 281 S.W. at 787.

> The Fourth & First decision is consistent with custom and practice in the surety industry, which dictates that a surety charge an annual premium for continuous bond obligations. Because, a continuous bond obligation is one that is operable until cancelled, it is necessarily indefinite as to term. A surety charges an annual premium as a matter of assessing the risk on an on-going basis.

Charging a lump-sum amount at the commencement of the bond's effective date is not possible.

Consistent with the custom and practice, USF&G charged an annual premium as a matter of convenience. This practice allowed USF&G to evaluate the risk associated with an indefinite obligation on an on-going basis. When USF&G increased the amount of the annual premium, it did not issue a new bond nor did the increases relate to a new bond or new bond number.

The Intervening Petitioners attempt to distinguish the Fourth & First decision by noting that the bond in that case was a common law bond rather than a statutory bond. That fact is of no consequence whatsoever. The Intervening Petitioners suggest that the remedial nature of the Workers' Compensation Law requires that the bond be treated differently. However, the remedial nature of the law cannot be extended to impose liability that is clearly not contemplated by the statute. The fact that the court considered a common law bond is no ground to disregard the analysis in Fourth & First.

We agree with the Chancellor that Fourth & First is persuasive in our resolution of the question before us.

Our conviction that this determination is appropriate is buttressed by the fact that Mark Brothers, Director of self-insurance in the Department of Commerce and Insurance, testified that he set the amount required to be bonded annually, and it was intended that the amount of bond would be an amount determined by him upon reviewing various materials relative to past worker's compensation claims by employees.

We also note that if the Intervening Petitioners are correct, the amounts available when considering the initial issue and all riders as to all bonds involved would be in excess of $9,000,000. It is difficult to envision this being appropriate when the last rider as to the last bond issued by U.S. Fire Insurance Company in November 1999, was only $975,000.

Finally, we emphasize that the bonding companies followed the requirements of the Commissioner of Labor in posting the bonds and in increasing the penal amounts.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against the Intervening Petitioners, Carlise Cagle, David Seale, Bradley Hatfield, Doug West, Sr., Richard Cole, James Workman, Silas Passmore, Jim T. Dickson and Eddie Hart, Sr., and their surety.

_____

HOUSTON M. GODDARD, PRESIDING JUDGE