# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 24, 2012 Session

## PATRICIA ANN GHO MASSEY v. GREGORY JOEL CASALS

**Direct Appeal from the Juvenile Court for Shelby County**
**No. F7887      Dan Michael, Special Judge**

---

**No. W2011-02350-COA-R3-JV - Filed December 26, 2012**

---

Father's individual retirement accounts ("IRAs") were garnished to satisfy an award of attorney's fees, and he filed a motion to quash the garnishment, claiming that the accounts were exempt from garnishment under Tennessee law. In a previous appeal, this Court concluded that the IRAs were exempt property, and we reversed the trial court's order dismissing Father's motion to quash the garnishment. On remand, the trial court vacated its previous order but again dismissed Father's motion to quash. We reverse and remand with instructions for the trial court to grant Father's motion to quash and to dissolve the writ of garnishment.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Juvenile Court Reversed and Remanded**

ALAN E. HIGHERS, P.J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Linda J. Casals, Las Vegas, Nevada, for the appellant, Gregory Joel Casals

Rachael Emily Putnam, Memphis, Tennessee, for the appellee, Patricia Ann Gho Massey

**OPINION**

## I.  FACTS & PROCEDURAL HISTORY

This appeal is yet another chapter in the continuing saga of litigation between Patricia Ann Gho Massey ("Mother") and Gregory Joel Casals ("Father").  The parties have a child who was born in 1994.  In July 2008, the Shelby County Juvenile Court entered an order modifying Father's child support obligation, and it also ordered him to pay Mother's attorney's fees in the amount of $22,214.  Father appealed the order and filed a motion in the trial court and in this Court to stay the judgment pending appeal.  Father's motions to stay were denied.  We ultimately affirmed the trial court's award of attorney's fees in *Massey v. Casals*, 315 S.W.3d 788 (Tenn. Ct. App. 2009) ("*Massey I*").

In November 2008, while *Massey I* was pending on appeal, Mother's attorney, Rachel Putnam ("Attorney Putnam"), filed an "Application for Execution and Garnishment of Accounts."  Consequently, an officer of the juvenile court caused to be issued a garnishment of Father's IRA accounts held with E*Trade Bank in order to satisfy the award of attorney's fees.  On January 27, 2009, Father filed a motion to quash the writ of garnishment, arguing that his IRA accounts were exempt from garnishment pursuant to certain Tennessee statutes.[1] Father also submitted his own affidavit, in which he stated that he had no notice of the garnishment until he attempted to trade in his E*Trade accounts in January 2009 and discovered that the accounts were frozen.[2]  He learned that the stock holdings in his two IRAs had been liquidated, and that the funds were forwarded to the juvenile court.  Father's attorney contacted the juvenile court and obtained a copy of the garnishment.

In response to Father's motion to quash, Attorney Putnam filed a "Creditor's Response . . . and Motion to Dismiss."  She argued that Father's IRAs were not the type of retirement accounts that are exempt from garnishment under Tennessee law.  Accordingly, she argued that the motion to quash should be dismissed.

In March 2009, a juvenile court magistrate held a hearing and entered a finding and

---

[1]  A judgment debtor may assert exemption rights after the service of a garnishment by filing a motion to quash the garnishment.  Tenn. Code Ann. § 26-2-407; *see also* 6 Am. Jur. 2d *Attachment & Garnishment* § 409 ("The appropriate and most commonly used method of attacking garnishment proceedings is a motion to quash."); 38 C.J.S. *Garnishment* § 352.  To "quash" means "[t]o annul or make void; to terminate." *Black's Law Dictionary* (9th ed. 2009).  Thus, a "motion to quash" is "[a] party's request that the court nullify process or an act instituted by the other party." *Id.*

[2]  In Tennessee, notice to the judgment debtor of the impending garnishment is required by statute. 16 *Tenn. Prac., Debtor-Creditor Law &Prac.* § 18:2 (2d Ed.); *see* Tenn. Code Ann. § 26-2-403, -404.

recommendation that Father's motion to quash the garnishment should be dismissed, and that all funds currently on deposit with the juvenile court clerk, incident to the garnishment served on E*Trade, should be immediately released to Attorney Putnam. The juvenile court clerk released the garnished funds from the IRAs to Attorney Putnam. Father requested a rehearing before the juvenile court judge and filed a motion for a stay pending the rehearing. He claimed that he would incur a $5,000 tax penalty due to the early withdrawal of his IRA funds if the funds were not returned to his IRA accounts. The matter was heard by a special judge in December 2009, and in February 2010, the special judge reconfirmed the magistrate's ruling as the decree of the court and dismissed Father's motion to quash.

Father appealed to this Court. In *Massey v. Casals*, No. W2010-00284-COA-R3-JV, 2011 WL 1734066 (Tenn. Ct. App. May 3, 2011) ("*Massey II*"), we were required to decide "whether the trial court erred by determining that [Father's] accounts were not exempt from garnishment pursuant to Tennessee [statutes]." We concluded that Father's IRAs *were* exempt from garnishment under the cited statutes, and therefore, we reversed the trial court's judgment dismissing Father's motion to quash. We remanded the case to the trial court for further proceedings consistent with our opinion.

On remand, Father filed a motion to set aside the juvenile court's order dismissing his motion to quash (which had been reversed in *Massey II*), and he sought the entry of an order granting his motion to quash and also "allowing Father to proceed with additional legal proceedings for replacement of his property, specifically his stock holdings in the qualified IRA accounts . . . as well as any other relief due and proper under the circumstances, not excluding damages." Following a hearing, the juvenile court entered an "Order on Remand," in which it, first, vacated its previous order dismissing Father's motion to quash.[3] However, the order went on to state:

> The Court having heard further argument of counsel and upon a review of the entire record in this cause finds that the Motion to Quash Garnishment shall be and is hereby dismissed. The Court further finds that the sum of $22,214.00 previously awarded to [Attorney] Putnam pursuant to prior Orders of this Court is to be paid in full by [Father].

Father appealed to this Court once again.

---

[3] We note that the juvenile court's order on remand states that it vacates the previous order "denying" Father's motion to quash, but the court's previous order actually "dismissed" Father's motion to quash.

## II. DISCUSSION

On appeal, Father argues that the trial court erred in again dismissing his motion to quash the garnishment, thereby continuing to allow the garnishment of his exempt IRA accounts. Father notes this Court's prior holding that the IRA funds were improperly garnished, and yet the garnished funds have not been returned to him but remain in the possession of Attorney Putnam. In response, Attorney Putnam contends that the trial court simply dismissed the motion to quash because our ruling in *Massey II* "pretermitt[ed] the issue." Without further explanation, she claims that the action taken by the trial court fully complied with our holding in *Massey II*.

We are somewhat perplexed by the trial court's ruling on remand. To recap, the juvenile court's 2009 order dismissed Father's motion to quash based upon the court's conclusion that Father's IRA accounts were not exempt property. We held in *Massey II* that the IRA accounts *were* exempt property, and therefore we reversed the order dismissing Father's motion to quash. On remand, the juvenile court vacated its 2009 order but then entered another order reaching the exact result – dismissing Father's motion to quash.[4] Father had asked the juvenile court, on remand, to grant his motion to quash and to dismiss the writ of garnishment. We agree with Father's contention that this was the result required by our holding in *Massey II.*

"A writ of garnishment should be dismissed if it involves exempt personal earnings or wages, or other exempt property of the defendant." 38 C.J.S. *Garnishment* § 359. After we reversed the trial court's order dismissing Father's motion to quash, the trial court, on remand, should have granted Father's motion to quash and thereby dismissed and dissolved the writ of garnishment. Consequently, we again reverse the trial court's order dismissing the motion to quash, and we remand this matter to the trial court with instructions to grant Father's motion to quash and to dissolve the writ of garnishment.

For clarity, we will briefly discuss the practical effect of such an order. Again, the definition of "quash" is "[t]o annul or make void; to terminate." *Black's Law Dictionary* (9th ed. 2009). An order quashing or dismissing a garnishment proceeding, or dissolving the garnishment, "destroys the right secured by the garnishment" and "releases the property garnished." 38 C.J.S. *Garnishment* § 373. Tennessee Code Annotated section 26-2-408 provides that, in the context of garnishment proceedings, "[w]hen property has been

---

[4] Interestingly, during the hearing on remand, the special judge acknowledged that the task before him was "to set aside the magistrate's order removing [the garnished funds] from the IRA account." He acknowledged that the funds should not have been garnished from that account, and said, "This court sets that aside," but yet he repeatedly stated that Father's motion to quash the garnishment was *dismissed*.

determined to be exempt by agreement or by judicial determination, the property shall be immediately released to the judgment debtor." Therefore, Attorney Putnam should return the improperly garnished funds to the clerk of the juvenile court, and the clerk should immediately release those funds to Father.[5]

Finally, we must address Father's contention on appeal that this Court should order the juvenile court clerk, Attorney Putnam, and/or Mother to restore the status of his IRA accounts to the precise number of shares of stock and the exact amount of cash held in each account prior to liquidation. He argues that merely returning the garnished *funds* to him will not fully compensate him, because he will be forced to seek further relief in order to fully restore the IRA accounts to their prior holdings. While that may be the case, this relief was not requested during the proceedings below. In fact, Father's attorney stated during the hearing on remand that Father was simply asking the court to grant his motion to quash, and stated, "That's the extent of what we've asked for today. And then separate legal action will be taken if anything else is done on the case." Counsel for Father indicated that a separate action would be filed seeking to recover damages from Attorney Putnam, as counsel stated that the juvenile court would lack jurisdiction over such a matter. Likewise, in the motion filed by Father on remand, he indicated an intent "to proceed with additional legal proceedings for replacement of his property, specifically his stock holdings in the qualified IRA accounts," and damages.

Father is certainly obliged to pursue such additional relief in a separate proceeding, but this relief was not sought in the case at bar, and therefore, we cannot award it on appeal.

Both parties have requested an award of attorney's fees on appeal. We sympathize with Father's plight in this matter, as he was essentially forced to pursue this appeal in order to have this Court reiterate our prior holding in *Massey II*. Mother's counsel had the benefit of our prior opinion and yet chose to disregard it.[6] This Court's prior opinion included a clear directive, yet Mother's counsel retained the disputed funds, in complete disregard of that directive. In her brief on appeal, Mother's counsel could not provide us with any legal authority for why she continued to maintain possession of the exempt IRA funds, and she provided us with no reason why Father had to come back to the Court of Appeals to have us say that we really meant what we said in our prior opinion. Considering these circumstances,

---

[5] We note that there is some authority to suggest that when a writ of garnishment is dissolved, the garnished funds should be returned to the *garnishee*, i.e., in this case, E*Trade Bank. 6 Am. Jur. 2d *Attachment & Garnishment* § 435; 38 C.J.S. *Garnishment* § 373. However, in light of the clear instruction provided by Tennessee Code Annotated section 26-2-408, we believe, in Tennessee, the funds must be released to the judgment debtor, i.e., Father.

[6] At the hearing, the trial court indicated that it was generally aware of our prior opinion but had not yet had the opportunity to read it.

an award of Father's attorney's fees on appeal would appear to be fair and reasonable. However, our discretion is constrained in this context. "In Tennessee, courts follow the American Rule, which provides that litigants must pay their own attorney's fees unless there is a statute or contractual provision providing otherwise." **Taylor v. Fezell**, 158 S.W.3d 352, 359 (Tenn. 2005) (citing *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000)). "In the absence of such a fee-shifting statute, contract provision, or other recognized equitable ground, courts may not compel a losing party to pay the attorney fees of the winning party." **In re Estate of Dunlap**, No. W2010-01516-COA-R9-CV, 2011 WL 1642577, at *4 n.9 (Tenn. Ct. App. Apr. 29, 2011) (citing *Brown*, 18 S.W.3d at 194; *Kultura, Inc. v. S. Leasing Corp.*, 923 S.W.2d 536, 540 (Tenn. 1996)). The oft-cited "frivolous appeal" statute, Tenn. Code Ann. § 27-1-122, allows us to "award just damages against the *appellant*," to include attorney's fees or expenses "incurred by the *appellee*" as a result of a frivolous appeal or one that was taken solely for delay. (Emphasis added). "Unfortunately we have neither the statutory nor the inherent power to take similar action in a case wherein a bona fide appeal is taken from a frivolous suit improvidently decided." **Bishop Baking Co., Inc. v. Forgey**, 538 S.W.2d 602, 604 (Tenn. 1976)). As a result, we must respectfully deny Father's request for an award of attorney's fees on appeal.

### III.  CONCLUSION

For the aforementioned reasons, we reverse the decision of the juvenile court and remand with instructions for the juvenile court to grant Father's motion to quash and to dissolve the writ of garnishment. Both parties' requests for attorney's fees on appeal are denied. Costs of this appeal are taxed to the appellee, Patricia Ann Gho Massey, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.