**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0617n.06

No. 17-5486

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 08, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| KEVIN LITTLEPAGE, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF KENTUCKY |
| | ) | |
| CENTURY ALUMINUM COMPANY, | ) | |
| | ) | OPINION |
| Defendant-Appellee. | ) | |

Before: DAUGHTREY, McKEAGUE, and BUSH, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** Defendant Century Aluminum Company ("Century") is a publicly traded Delaware corporation that produces aluminum. Century Aluminum Sebree ("Sebree"), Century's wholly owned subsidiary, operates an aluminum-smelting facility in Henderson, Kentucky. Plaintiff Kevin Littlepage was employed as a pot worker at that facility when he slipped on a walkway and fell, causing his right foot to contact molten aluminum. His boot caught fire, he suffered burns, and he lost his right foot and portions of his right leg.

Littlepage has received over $300,000 in workers' compensation payments. In this action, Littlepage sued Century for negligence and gross negligence, claiming that Century was in direct control of the smelting facility and that debris and residue on the walkway caused his fall. But because Century is immune from tort liability under a Kentucky statute that makes workers' compensation Littlepage's exclusive remedy, Ky. Rev. Stat. § 342.690(1), the district court granted summary judgment in favor of Century. For the same reason, we affirm.

## I

We review the district court's grant of summary judgment de novo. *See Gradisher v. City of Akron*, 794 F.3d 574, 582 (6th Cir. 2015). We draw all reasonable inferences in favor of Littlepage. *See Slusher v. Carson*, 540 F.3d 449, 453 (6th Cir. 2008). If, on "the record taken as a whole," no rational trier of fact could find for Littlepage, then there is no genuine issue for trial, and Century is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). Kentucky law governs this appeal, and we apply Kentucky law in accordance with the controlling decisions of the Kentucky Supreme Court. *See Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc.*, 249 F.3d 450, 454 (6th Cir. 2001). If the Kentucky Supreme Court has not yet addressed an issue presented, we predict how that court would rule in light of the decisions of the Kentucky Court of Appeals and other "relevant data." *Ibid.* (quoting *Kingsley Assocs., Inc. v. Moll PlastiCrafters, Inc.*, 65 F.3d 498, 507 (6th Cir. 1995)).

## II

Kentucky's Workers' Compensation Act provides guaranteed insurance to workers, paying benefits to employees who sustain work-related injuries, "without regard to fault." Ky. Rev. Stat. § 342.610(1). The Act imposes liability for those compensation payments upon the employer, also without fault, and, in exchange, grants employers immunity from tort claims arising from covered injuries. That immunity extends on equal terms to the "employer's carrier." Ky. Rev. Stat. § 342.690(1). It is undisputed that Sebree (and not Century) was Littlepage's employer. The question before us is whether Century is immune from suit as Sebree's carrier.

"Carrier," as defined by statute, "means any insurer, or legal representative thereof, authorized to insure the liability of employers under this chapter and includes a self-insurer."

2

Ky. Rev. Stat. § 342.0011(6). A "self-insurer" is an employer that has been authorized under the Act to bear its own liability for workers' compensation claims—that is, an employer approved by the Kentucky Department of Workers' Claims to be exempt from purchasing external insurance to cover workers' compensation liability. Ky. Rev. Stat. § 342.0011(6). When a subsidiary corporation wishes to apply to be self-insured as to workers' compensation, it must obtain and file "a guarantee from the subsidiary's parent corporation on Form SI-01, Self-Insurers' Guarantee Agreement." 803 Ky. Admin. Regs. 25:021 § 3(1)(i).

It is undisputed that Sebree (and not Century) was such a self-insurer and that Century executed Form SI-01, thereby guaranteeing Sebree's workers' compensation liability and allowing Sebree to be a self-insurer.

Century argues that because it was Sebree's guarantor, it was Sebree's "insurer" and thus Sebree's "carrier" immune from suit. Littlepage argues that Century's status as a guarantor is insufficient to make it a carrier; Littlepage further argues that because Century was not a self-insurer as to its *own* workers' compensation liability, Century cannot be a "carrier."

The Kentucky Supreme Court's recent decision in *Falk v. Alliance Coal, LLC*, 461 S.W.3d 760 (Ky. 2015), forecloses Littlepage's arguments. In that case, surviving widows and children of deceased miners sued the miners' two employers and also sued Alliance Coal, the parent company and sole owner of both employers. Like Sebree, the subsidiary employers in *Falk* were self-insurers for the purpose of workers' compensation, and Alliance, the parent, was their guarantor, having executed the same Form SI-01 that Century executed here. And, as in this case, the plaintiffs in *Falk* argued that Alliance "was not a 'carrier,' but a 'guarantor,' and that guarantors have no immunity." *Falk*, 461 S.W.3d at 764. The Kentucky Supreme Court held, unanimously, that Alliance *did* have immunity as the subsidiary employers' carrier, even though (as the court recognized) a narrow interpretation of "carrier" might include only

3

insurance companies and not parent corporations acting as guarantors. *See id.* at 794–95 ("The legislature could have more narrowly defined carrier as an insurance company, which it did when it defined 'insurance carrier.' . . . Furthermore, the legislature could have stated that only an insurance carrier is immune from liability. However, the legislature chose to define carrier more broadly, thus extending immunity beyond insurance companies[.]") (citation omitted).

The Kentucky Supreme Court articulated the reasons why its result was a sensible reading of the workers' compensation statute:

> [O]ur holding is in harmony with one of the purposes of the Act, to extend benefits to employees without the need to prove fault, while protecting employers from tort liability.
>
>> The Workers' Compensation Act is social legislation, a product of compromises by workers and employers. Workers agree to forego common law remedies in exchange for statutory benefits awarded without regard to fault. Employers agree to pay such benefits and to forego common law defenses in exchange for immunity from tort liability . . . . In other words, an employer's immunity follows its liability for workers' compensation benefits.
>
> *Labor Ready, Inc. v. Johnston*, 289 S.W.3d 200, 204–205 (Ky. 2009). The legislature has extended this immunity to carriers and contractors, which both bear actual or potential liability for workers' compensation benefits. KRS 342.690.
>
> In order to qualify for a self-insured certificate, Alliance had to certify that it had adopted a resolution authorizing "joint and several liability for all the workers' compensation claims asserted against" [its subsidiaries]. Alliance is liable for claims against its subsidiaries, just as a contractor may be liable for claims against its sub-contractor and just as a carrier is liable for claims against its insured. Therefore, Alliance is entitled to the immunity that follows its liability.

*Falk*, 461 S.W.3d at 765–66.

To be sure, *Falk* is not completely on all fours with the present case. There are two apparent distinctions. First, in *Falk*, the workers' compensation benefits were paid by checks drawn on the account of Alliance, the parent. Second, Alliance itself was a self-insured employer as to its *own* workers' compensation liability. But neither of these considerations is

legally significant to the outcome of *Falk*: what mattered was that the subsidiary employers were self-insured as to *their* workers' compensation liability and that Alliance was their guarantor as to such liability. That Alliance acted upon that guarantee by *itself* disbursing the payments that were ultimately made is of no consequence. Nor can it reasonably be deemed to matter whether Alliance was self-insured or carried outside insurance as to its liability for its *own* workers' compensation claims. *Falk* stands for the proposition that a parent company, when it has guaranteed the workers' compensation liability of its wholly owned subsidiary, is that subsidiary's "carrier" and enjoys the same immunity from suit extended to the subsidiary by the Kentucky Workers' Compensation Act. To the extent that *Falk* stops short of stating that proposition expressly, we find ample support in *Falk* to conclude that the Kentucky Supreme Court would uphold that proposition if asked. And that proposition is sufficient to decide this case: Century guaranteed Sebree's workers' compensation liability, and, in exchange, it enjoys the same immunity from suit as Sebree.

Further supporting our decision today is our previous decision in *Malkiewicz v. R.R. Donnelly & Sons Co.*, 932 F.2d 968 (6th Cir. 1991) (unpublished table decision). *Malkiewicz* involved Tennessee's similar workers' compensation statute; the issue there was "whether the guarantor of a self-insured employer's obligations is entitled to the same immunity as a workers' compensation insurer." *Malkiewicz v. R.R. Donnelly & Sons Co.*, 703 F. Supp. 49, 50 (M.D. Tenn. 1989). There, as here, the injured worker's employer was the wholly owned subsidiary of its parent company, which had guaranteed its subsidiary's payment of workers' compensation benefits. The district court held that the parent was entitled to immunity, we certified the question to the Tennessee Supreme Court, that court agreed with the district court, *Malkiewicz v. R.R. Donnelly & Sons Co.*, 794 S.W.2d 728, 730 (Tenn. 1990), and, accordingly, we entered an order affirming the district court. *Malkiewicz*, 932 F.2d 968, at *1. At no point in any of the

three courts' discussions in that case did the question arise whether the *parent* was itself a self-insured employer; all that mattered was that the parent was the subsidiary's guarantor as to workers' compensation. So, too, in this case.

Finally, Littlepage argues that that our decision in *Boggs v. Blue Diamond Coal Co.*, 590 F.2d 655 (6th Cir. 1979), compels reversal. But the issue in *Boggs* was whether the employer's parent corporation was also the worker's "employer" or "contractor" under the workers' compensation statute. *Boggs* had nothing to do with whether a guarantor was a "carrier" or "insurer." Moreover, even to the extent that *Boggs* might be read to imply an answer contrary to *Falk*, the Kentucky Supreme Court in *Falk* expressly disclaimed such an implication:

> To reiterate, a parent company that completely "self-insures" the liability of its subsidiary as provided in the regulations, is a carrier and immune from tort liability, just as its subsidiary is. To the extent *Boggs* holds otherwise, it is incorrect.

*Falk*, 461 S.W.3d at 766.

### III

*Falk*, admittedly, represents at least a small triumph of legislative purpose over text: "insurer" is, after all, commonly understood to refer to one who provides indemnity in exchange for the payment of a premium—not to a mere surety. But it is beyond our purview to second-guess the Kentucky Supreme Court, especially when it has recently, unanimously, and unequivocally answered the question that decides this case.

We therefore **AFFIRM** the district court's grant of summary judgment in favor of Century.