Cartjthers, J.,
delivered the opinion of the Court!
This is a bill in equity for a new trial, in a suit at law upon these grounds: Hughes sued the complainants' at law for work and labor, and recovered a judgment in Davidson Circuit Court, at January Term, 1855, for $1020. A new trial was asked and refused, and an *156 appeal in error to this Court at its December Term, 1855, -when it appeared that the hill of exceptions was not in the record, and upon suggestion of diminution, a certiorari was issued, the response to which shewed that if one ever existed, it was lost. Whereupon, the case was remanded to the Circuit Court to supply the loss under the act of 1848, ch. 116. This was attempted, but was so imperfectly done, that this Court at December Term, 1856, affirmed the judgment. In May, 1857, this bill was filed, and afterwards dismissed upon demurrer, by the Chancellor.
It appears from the statement of the Circuit Judge, in attempting to supply the bill of exceptions, that the same was made out and signed by him in Court, and left upon his table on the bench, and he knows not what became of it. He states that he recollects that the question involved was, whether the debt of the plaintiff, which was barred by the statute of limitations, was revived by a new promise by the defendants in that suit, and that the proof on that point was made in the deposition of one witness — Webb. He further says, “ I have no recollection of what I charged the jury; I presume from the facts, that the jury found a verdict for the plaintiff, and I refused to grant a new trial, that I must have charged that the promise was sufficient to take the case out of the statute.” It does not appear that the deposition of Webb is lost, or if it is, why he was not called before the Court under the power given by the act of 1848, and the same supplied. Without knowing what this proof was, we are unable to determine whether the verdict of the jury or the charge of the Court was wrong, and consequently, whether the *157 complainants have any merits. The complainants came into the Court of Chancery upon the ground of accident, by -which they -were deprived of the judgment of this Court on their case by the appeal in error. A Court of Chancery has the power to grant a new trial at law, where a proper case is made out. 8 Graham and Waterman, on New Trials,- 1455 to 1462. When Courts of law did not grant new trials, as was anciently the case, Courts of Equity exercised this power more freely; hut even then, they proceeded with great caution, and watched such hills with extreme jealousy, and must see that injustice had been done.” Ib. The failure to get redress at law, in the ordinary course of proceeding, must be without any fault or neglect on the part of complainants in these bills for a new trial at law. This is a different case from that of coming into a Court of Equity for relief, after a trial at law. Jurisdiction in that case will not be assumed after a trial at law, on the ground of accident, unless it has been “unattended by negligence or fault on the part of complainant.” 6 Yerg., 184; 3 Yerg., 127.
The object of asking a new trial at law in this case is, to enable" the complainants to rely more successfully upon the defense of the statute of limitations, against the claim of defendant for work and labor. They allege that this claim was not only unjust, but that they were deprived of the benefit of this plea, by an erroneous charge of the Circuit Judge to the jury, and that they failed to get the benefit of the judgment of the Court of last resort, on this question of law, by the accident of the loss of the bill of exceptions. Was this accident, without any negligence on their part? We think not. *158 It was their business to see that the bill of exceptions was deposited with the clerk, _ after the Judge had signed it. It was inattention not to do so. There was also negligence on their part, in not supplying the lost paper, when the case was remanded from this Court for that purpose. By a very liberal construction of the act of 1848, before cited, to which we were prompted for the purpose of relieving against these accidents, in the short and cheap way which it prescribes, rather than drive the parties to the expense and delay of going into ecpiity; the complainants might very easily have supplied the paper with sufficient fulness and accuracy, to have brought their case fairly before this Court, on their appeal in error. Where was this difficulty ? It appears that the proof on which the ease turned, consisted of the deposition of a single witness, who was, and had been clerk of the complainants-. This could certainly have been very easily supplied, or some sufficient reason given why it could not. We see that this proof, with what the Judge recollects of his charge, would have brought the question desired to be raised, before us, and rendered the application to a Court of Chancery to do that which the Circuit Judge, with the facts all before him, refused to do, unnecessary. This power of a Court of Chancery, though it exists, will be rarely and cautiously exercised. It will never be done on the ground of accident, where there is any fault, negligence or inattention on the part of the complainants, by which the relief at law was lost; and enough must appear in the bill, to shew that injustice was done upon the merits. This is not a case for the exercise of this power, under all the *159 circumstances, and the decree of the Chancellor, sustaining the demurrer is affirmed.