**Marilyn PATTERSON,
Plaintiff-Appellee,**

v.

**ROCKWELL INTERNATIONAL,
Defendant-Appellant.**

Supreme Court of Tennessee,
at Jackson.

Jan. 23, 1984.

T.J. Emison, Jr., Alamo, for plaintiff-appellee.

Timothy A. Ryan III, Memphis, Harold F. Johnson, Jackson, for defendant-appellant.

## OPINION

BROCK, Justice.

This is a worker's compensation case. The plaintiff filed her complaint which in due course, along with a summons, was served upon the defendant on May 18, 1982. The defendant did not answer the complaint but the process which had been served upon it was returned to Mr. T.J. Emison, Jr., attorney for the plaintiff, along with a letter from Mr. Dennis A. Lemmon, "Manager, Wage, Salary and Benefits Administration," on behalf of the defendant in which it was stated:

"Dear Mr. Emison:

"The attached summons concerning your client, Marilyn Patterson, is being returned. It should be noted that on October 19, 1982, (sic) the Jackson facility of Rockwell International, Power Tool Division, was sold to the Pentaire Corporation.

"The facility is presently being operated under the name of Porter-Cable Corporation, and the mailing address would be:

Porter-Cable Corporation
P.O. Box 2468
Youngs Crossing at Highway 45
Jackson, Tennessee 38301

"Should you have any questions concerning this issue, please feel free to contact me.

Sincerely,
ROCKWELL INTERNATIONAL
Dennis A. Lemmon (signed)
Dennis A. Lemmon, Manager
Wage, Salary and Benefits
Administration"

On June 22, 1982, the plaintiff filed a motion for default judgment, supported by affidavit, and the Chancellor granted and entered the judgment by default as well as a final decree awarding to the plaintiff benefits for permanent total disability, being a lump sum, commuted, equal to 400 weeks of compensation based on a compensation rate of $127.00 per week. On June 28, 1982, the attorney for the plaintiff forwarded to Mr. Dennis Lemmon for the defendant a copy of the default judgment and final decree entered as above stated.

Thereafter, on July 20, 1982, the defendant filed a motion to set aside the default judgment and final decree, setting out the facts above stated, and urging that the default judgment be set aside on the ground that:

"3. Upon receipt of the original complaint, Rockwell International, through Mr. Dennis Lemmon, Manager of Wage, Salary, and Benefits Administration of Rockwell International located in Pittsburg, Pennsylvania, returned the complaint to the Honorable Jim Emison, attorney for plaintiff, together with an explanation that Rockwell International had sold, on October 19, 1982, (sic) the Jackson facility to Pentaire Corporation. The Jackson facility, in which petitioner was allegedly injured, is now Porter-Cable Corporation, a subsidiary of Pentaire Corporation.

\*     \*     \*     \*     \*     \*

"5. Since, as set out above, the Jackson facility now known as Porter-Cable Corporation, had been sold on October 19, 1981, Rockwell International believed it had no liability in this matter.

"6. Rockwell International presumed after notice to the attorney for the petitioner, that the complaint would be amended to show Porter-Cable Corporation as respondent, and no further action would be required of Rockwell International.

\*    \*    \*    \*    \*    \*

"9. Rockwell International, if indeed they were liable in this matter, was legitimately mistaken as to its liability and any neglect on its part in failing to file a prompt response in this matter was excusable.

"10. The respondent, Rockwell International, believes itself to have a good and valid defense to this action."

The trial court found this motion to set aside the default judgment to be without merit and overruled the same.

Thereafter, the defendant filed a "Motion for a New Trial" in which it complains that it was entitled to but was not given notice of the time and place of the hearing before the trial court respecting the injuries and disability of the plaintiff and also alleges that the finding of the trial court that plaintiff suffers a permanent total disability is not supported by expert medical testimony. The trial court overruled this motion, also, and the defendant has appealed.

In this Court the first argument of the defendant is that the default judgment is invalid because defendant was not served with written notice of the application for judgment at least five days prior to the hearing on that application. It is provided by Rule 55.01, Tennessee Rules of Civil Procedure, that:

"If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served

with written notice of the application for judgment at least five days prior to the hearing on such application."

No such notice was given to the defendant in this case; but plaintiff urges that none was required because the defendant had not "appeared in the action" as required by the rule in order to be entitled to notice.

The defendant contends that the act of its representative, Mr. Lemmon, in returning the process served upon it to plaintiff's attorney along with a letter, above quoted, pointing out that the factory where plaintiff received her injury was no longer owned and operated by the defendant but was owned by another company named in the letter, constituted an "appearance." We cannot agree.

The Tennessee Rules of Civil Procedure do not define an appearance; we, therefore, turn to court decisions for guidance. It has been said that the filing of any pleading, making or resisting of any motion, filing of exceptions to a Master's report, taking of depositions to be read in a cause, making of any agreement with plaintiff or his attorney relative to any proceeding in a cause, or any other act in the cause, between the filing of the complaint and rendition of the final decree, whereby pendency of the suit is recognized, expressly or by implication, will, if there be record evidence of the fact, constitute a general and unlimited appearance, unless limited by express declaration or by necessary implication. *Akers v. Gillentine*, 33 Tenn.App. 212, 231 S.W.2d 372 (1950); *see also*, Gibson's Suits in Chancery, 5th ed., § 1243.

It is recognized that an appearance may be expressly made by formal written or oral declaration, or record entry, to the effect that the defendant appears, or it may be implied from some act done with the intention of appearing and submitting to the court's jurisdiction. However, before an appearance will be found by implication, it must be shown from the defendant's seeking, taking, or agreeing to some step -or proceeding in the cause beneficial to himself or detrimental to the plaintiff

other than one contesting only the jurisdiction of the court or by reason of some act or proceeding recognizing the case as being in court. An express appearance may be made by filing with the clerk a written direction to enter the appearance of the defendant, by formal record entry, oral announcement in open court, acceptance of service by the defendant's attorney, or by filing in the cause a paper which either waives service of process or which both waives service of process and recites the entry of an appearance. 6 C.J.S. *Appearances* § 18 (1975). These examples are not exhaustive but merely suggestive of the many means of making an appearance.

■ On the other hand, although an act of a defendant may have some relation to the cause, it does not constitute a general appearance, if it in no way recognizes that the cause is properly pending or that the court has jurisdiction, and no affirmative action is sought from the court. 6 C.J.S. *Appearances* § 19 (1975). Thus, it has been held that the making of a written request by a defendant to suspend legal proceedings did not constitute an appearance. *Mojarrieta v. Saenz*, 80 N.Y. 547 (1880).

■ We conclude that the facts in this case failed to furnish any basis for finding that the defendant appeared in this action prior to entry of the default judgment. The letter written by Mr. Lemmon to the attorney for the plaintiff accompanied by a return of the summons and copy of the complaint served upon the defendant was not a recognition by the defendant that it was properly in the jurisdiction of the court but amounted to a rejection of the suit. Thus, the defendant was not entitled to the five days' notice of hearing provided in Rule 55.01, because it had not appeared in the action.

We next consider the defendant's claim that the trial court erred in failing to grant its motion to vacate the default judgment upon the ground that it was the result of "mistake, or excusable neglect" on the part of the defendant. It is provided by Rule 55.02, Tennessee Rules of Civil Procedure, that:

"For good cause shown the court may set aside a judgment by default in accordance with Rule 60.02."

Rule 60.02, Tennessee Rules of Civil Procedure, provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise or excusable neglect; ...."

■ When relief is sought under these provisions of the rules, the defendant is invoking equitable principles. Although it is not expressly stipulated in the rules, it is universally recognized that, as a condition to obtaining relief, the defendant, in addition to showing that his default was brought about by mistake, inadvertence or excusable neglect, must also demonstrate that he has a meritorious defense to the plaintiff's claim, except in the case in which the judgment is void. *Seay & Shepherd v. Hughes*, 37 Tenn. 155 (1857); *Hunter v. Sheppard*, 187 Tenn. 99, 213 S.W.2d 19 (1948); *Whitson v. Johnson*, 22 Tenn.App. 427, 123 S.W.2d 1104 (1939); *Aetna Life & Cas. Co. v. Lyon*, Tex.Civ.App., 576 S.W.2d 114 (1978).

■ We approve the statement of the rule found in 35B C.J.S. *Federal Civil Procedure* § 1131 (1960) as follows:

"As a general rule, a default or a default judgment will not be set aside at the insistence of the defendant unless he makes a showing of a meritorious defense.

"The existence of a meritorious defense is an important consideration in determining whether or not a default or a default judgment entered against defendant should be set aside. As a general rule, a default or a default judgment will not be set aside at the insistence of defendant unless he makes a showing of a meritorious defense. Indeed, setting aside a default judgment without such showing will generally be regarded as an

abuse of discretion. However, no showing of a meritorious defense is necessary to support a motion to vacate a void judgment by default.

"Where a showing of a meritorious defense is made, the court will ordinarily vacate a default judgment unless there are other circumstances present militating against such action."

The default judgment sought to be set aside in the instant case was not a void judgment; hence, it was incumbent upon the defendant to assert a meritorious defense to the plaintiff's claim as a condition to having the default judgment set aside and permitting a trial on the merits.

█ It is clear, moreover, that the defendant's Motion to Set Aside Default Judgment filed in the trial court does not state any meritorious defense to the plaintiff's claim. The defendant merely asserts: "The respondent, Rockwell International, believes itself to have a good and valid defense to this action." This is merely a conclusory statement and does not constitute the assertion of a meritorious defense to the plaintiff's claim. Having failed to assert a meritorious defense as a condition to seeking relief, the defendant's effort to set aside the default judgment against it must fail.

We, therefore, find it unnecessary to determine whether or not the action of the defendant in this case in returning the summons and copy of plaintiff's complaint to the plaintiff's attorney and failing to file a defense to plaintiff's complaint amounts to a mistake or excusable neglect which would entitle the defendant to relief from Rules 55.02 and 60.02, Tennessee Rules of Civil Procedure.

We next consider the argument of the defendant that the findings and decree of the trial court to the effect that the plaintiff has sustained a permanent disability is not supported by material evidence, particularly, that the permanence of plaintiff's disability is not shown by medical evidence as required by our holdings.

█ The rule is that the defendant, by suffering a default judgment to be entered against him, impliedly confesses all of the material allegations of fact contained in his complaint, except the amount of the plaintiff's unliquidated damages. *Adkisson v. Huffman,* 225 Tenn. 362, 469 S.W.2d 368 (1972); *Warren v. Kennedy,* 48 Tenn. 437 (1970).

█ It was necessary, therefore, that the trial court determine the extent of the plaintiff's disability and the benefits to which the plaintiff was entitled from evidence introduced before the court. Rule 55.01, Tennessee Rules of Civil Procedure, so provides. Moreover, our cases hold that the permanency of a disability and injury must be supported by expert medical testimony in "all but the most obvious cases." *Owens Illinois, Inc. v. Lane,* Tenn., 576 S.W.2d 348 (1978); *Bishop Baking Co., Inc. v. Forgey,* Tenn., 538 S.W.2d 602 (1976); *Floyd v. Tennessee Dickel Distilling Company,* 225 Tenn. 65, 463 S.W.2d 684 (1971).

█ In this case the plaintiff claims that repetitive manual tasks required of her in her employment caused a condition known as fibrositis and other soft tissue injuries to her shoulders, arms and body as a whole. She claims that these injuries are permanent in nature and that they have rendered her permanently and totally disabled. The only medical evidence presented to the trial court consisted of a letter written by Dr. James G. Warmbrod, a medical doctor, to Mr. Emison, the plaintiff's attorney, in which the doctor states:

"I saw Mrs. Marilyn Patterson on one occasion on 11–14–80 on referral from Dr. Story. At that time, I reviewed her chart and listened to her symptoms and examined her. At that time, I agreed with her rheumatologist in Memphis that she did have fibrositis and at that time I felt that she should be off work for another month and she could return to her rheumatologist for his evaluation. I do believe that the type work she does which requires repetitive manual tasks did precipitate and cause her fibrositis.

Sincerely yours,

James G. Warmbroad, M.D. (signed)"

This letter was placed in evidence as an exhibit to the testimony of the plaintiff herself. Although this letter may be considered as sufficient evidence to establish that the plaintiff suffers from fibrositis and that it was caused by the type of work she performed for the defendant, it does not constitute any evidence, whatever, that she is permanently disabled. Accordingly, we conclude that the finding and decree of the trial court that the plaintiff has sustained permanent injury and disability is not supported by material evidence and that, to this extent, the trial court erred in overruling the defendant's motion for a new trial. We, therefore, set aside the decree awarding permanent, total disability and remand this cause to the trial court for a new hearing restricted to the issue of the extent of permanent disability, if any, sustained by the plaintiff and the compensation to which she is entitled therefor.

Costs incurred on appeal are taxed against the defendant-appellant.

FONES, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.