IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 28, 2001

## BRIAN KEITH SMELLEY v. DAN RAWLS, INDIVIDUALLY AND D/B/A/ PERFORMANCE TECHNOLOGIES AND/OR PRO TECH ENGINES

**Appeal from the Circuit Court for Bradley County**
**No. V-99-629     Lawrence H. Puckett, Judge**

**FILED APRIL 6, 2001**

**No. E2000-026220-COA-R3-CV**

The trial court entered a default judgment against the defendant on the plaintiff's complaint seeking compensatory damages, treble damages pursuant to the Tennessee Consumer Protection Act of 1977, punitive damages, and reasonable attorney's fees. Thereafter, the court entered a judgment awarding the plaintiff damages, attorney's fees, and costs. The defendant appeals, contending that the trial court erred in failing to grant his motion to set aside the default judgment. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

D. Mitchell Bryant, Cleveland, Tennessee, for the appellant, Dan Rawls, Individually and d/b/a Performance Technologies and/or Pro Tech Engines.

John D. Barry, Chattanooga, Tennessee, for the appellee, Brian Keith Smelley.

### MEMORANDUM OPINION

In the instant case, the trial court granted the plaintiff a default judgment. The only issue before us is whether the court below abused its discretion when it refused to set aside that judgment. *See Tennessee Dep't of Human Services v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985).

The record before us contains the pleadings and orders filed in the trial court. We do not have a transcript or statement of the evidence, if any, presented at the hearing, following which the trial court refused to grant the defendant any relief from the default judgment. Therefore, we must

conclusively presume that the facts before the trial court supported that court's action. *See Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). We do note the absence of an answer or other appropriate response in the record certified to us by the trial court. Certainly, there is nothing in the sparse record to affirmatively suggest that the trial court erred in granting the requested relief or in refusing to set it aside.

As a further basis for denying the relief sought on this appeal, we would point out that none of the papers filed by the defendant specifically sets forth the defense or defenses that he claims as a bar to the plaintiff's complaint. A defendant seeking to set aside a default judgment "must...demonstrate that he has a meritorious defense to the plaintiff's claim, except in the case in which the judgment is void." *Patterson v. Rockwell Int'l*, 665 S.W.2d 96, 100 (Tenn. 1984). There is nothing in the record to indicate that "the judgment is void." *Id*.

Since the appellant has failed to show a proper predicate for setting aside the default judgment against him, we cannot say that the trial court abused its discretion in this case. It results that the judgment of the trial court is affirmed. Our affirmance is pursuant to the provisions of Tenn. Ct. App. R. 10(b).[1] Costs of this appeal are taxed against the appellant. This matter is remanded for collection of costs below, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[1] Rule 10(b) of the Rules of the Court of Appeals provides as follows:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.