IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 12, 2010

## THE HARTFORD v. JAMES R. WYRICK

**Appeal from the Circuit Court for Knox County**
**No. 1-55-09      Dale C. Workman, Judge**

_____

**No. E2010-00478-COA-R3-CV  - FILED OCTOBER 12, 2010**

_____

The defendant, acting pro se, appeals the entry of a default judgment entered against him in a subrogation action.  After a thorough review of the record before us, we affirm the ruling of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J. and CHARLES D. SUSANO, JR., J., joined.

James R. Wyrick, Knoxville, Tennessee, pro se appellant.

Zachary B. Tenry, Knoxville, Tennessee, for the appellee, The Hartford.

**OPINION**

**I.  BACKGROUND**

On August 21, 2007, while Donald Lee Jones was working as an employee of HOM Properties, LLC ("HOM") at University Liquors on Cumberland Avenue in Knoxville, the defendant, James R. Wyrick, entered the store and demanded service.  Mr. Wyrick previously had been banned from the premises by the store's management.  According to the plaintiff, the Hartford, as subrogee of Mr. Jones and HOM, Mr. Jones informed Mr. Wyrick that he would not be served and requested that he leave the premises.  Mr. Wyrick thereafter became angry, came around the service counter and, as Mr. Jones was attempting to call 911, violently attacked and repeatedly struck Mr. Jones.

Mr. Wyrick claims the following occurred:

Jones became very belligerent toward me, as soon as he saw me. He said I was not allowed in the store and I asked him why. He said that he did not have to give me a reason.

He quickly threatened me and I laughed at him. As I was leaving the store, he came between myself and the door. At this point, Donald Jones assaulted me the 1st time. He kicked and punched me several times. I was able to easily pacify [sic] my aggressor.

I continued to the door, and he used the opportunity to retr[ieve] a small, metal bat, that was kept behind the cash register. Donald Jones followed me, as I left Volunteer Liquor. As soon as I cleared the front door, Jones whacked me on the head. I turned around and proceeded to defend myself. I was attacked twice by Donald Jones. Both times, I bro[ke] contact when the threat was no longer present.

In its lawsuit against Mr. Wyrick, the Hartford sought reimbursement for monies paid to or on behalf of Mr. Jones and/or his employer under the Tennessee Workers' Compensation law as a result of the injuries and treatment Mr. Jones received in the altercation with Mr. Wyrick.

Mr. Wyrick was served with the lawsuit while incarcerated at the Knox County Sheriff's Detention Facility on June 24, 2009. He failed to file and serve an answer within 30 days of service of the summons and complaint upon him. Accordingly, the Hartford filed a motion for judgment by default against Mr. Wyrick, which was served upon him at the detention center. The trial court conducted a hearing on December 4, 2009, and awarded the Hartford a judgment by default. The record indicates that Mr. Wyrick filed a handwritten response with the trial court clerk on the afternoon of December 4, 2009, but that document was never served upon the Hartford. The response read as follows:

I am writing you with my response to this pending issue.

All of this is very, very laughable. On Jan. 29th, Bill Swann sentenced me to 180 days in jail. My out date was Aug. 4th. On the 3rd, I was given 30 more days, for a total of 217 days. I was re-arrested on the 24th of October. My out date is now on the 21st of December, for a total of 273 days this year.

This attorney has served me twice at the KCDF. They know I am in jail. . . . In August of [sic] 21st of 2007, Donald Lee Jones was charged with Aggravated Assault. He came after me with a small, metal bat from a Smokies ball game. He hit me on the left side of my head and caused a 4 inch gash. The gray t-shirt I wore was cove[red] with blood. So [heres] the question, how do you get charged with Aggravated Assault and have any claim at all. I just don't get it.

I look forward to my day in court. This guy thinks that some money will sway justice or right and wrong. It will not. Please set this court date after Dec. 21st. . . .

Six days later, the trial court entered an order granting judgment by default and scheduling a writ of inquiry hearing for a determination of damages. The trial court noted "that the Defendant has been duly served with Summons and a Copy of the Complaint but has neither filed a response nor had a representative enter an appearance on his behalf. . . ." Mr. Wyrick was notified of the hearing held on February 12, 2010. The trial court granted the Hartford a final default judgment against Mr. Wyrick in the amount of $5,650.36 plus court costs on February 22, 2010.

Mr. Wyrick now appeals the trial court's final judgment. On his notice of appeal, he noted the following:

This guy was injured due to his own actions. His actions were criminal. These people say I am a criminal. I was charged with tres[passing]. [Mr. Jones] was charged with Aggravated Assau[lt] [which] is a felony. . . . Jones has a history of aggression. The bat he used to [whack] me in the head is his primary weapon. He even had or has a name for it, "BumBeater." How is it possible to be ass[aul]ted with a bat and then sued? I don't understand it.

## II. ISSUE

Mr. Wyrick requests that this court reverse the default judgment entered by the trial court.

## III. STANDARD OF REVIEW

In this case, Mr. Wyrick did not seek to set aside the default judgment in the trial court

in accordance with Tenn. R. Civ. P. 55.02. Rather, he requested a Tenn. R. App. P. 3 appeal as of right. As noted in *First Union National Bank of Tennessee v. Abercrombie*, No. M2001-01379-COA-R3-CV, 2003 WL 22251347 (Tenn. Ct. App. M.S., Oct. 2, 2003), Mr. Wyrick's actions

> raise two questions . . . : first, whether a party against whom a default judgment has been entered may pursue an appeal without first seeking to set the default judgment aside pursuant to Tenn. R. Civ. P. 55.02; and second, if the answer to the first question is "yes," what the proper standard of review is. Should the trial court's decision be reviewed using the familiar Tenn. R. App. P. 13(d) standards, or should the decision be reviewed using the standards normally associated with default judgments.

> * * *

> The answer to the first question depends on the substance of the default judgment. If the order granting the default judgment disposes of all the claims between all the parties, and if it leaves nothing else for the trial court [to] do . . ., it is final for purposes of Tenn. R. App. P. 3. Other courts addressing this issue have held that default judgments disposing of all claims between all the parties are appealable as of right. . . .

*Id.* at *3 (Citations omitted). Here, the default judgment undertook to resolve all disputes between the parties. It was, therefore, final and appealable as of right. Accordingly, Mr. Wyrick could properly choose to appeal the case to this court rather than seeking relief from the trial court in accordance with Tenn. R. Civ. P. 55.02.

As to the second question involving the proper standard of review, the *Abercrombie* court held as follows:

> [The answer is dictated by Mr. Wyrick's] decision not to seek to set aside the default judgment in the trial court. Generally, appellate courts review trial court decisions denying Tenn. R. Civ. P. 55.02 motions to set aside default judgments using the "abuse of discretion" standard. In this case, however, no Tenn. R. Civ. P. 55.02 motion was filed. In such cases, the default judgment is instead reviewed only for fundamental errors apparent on the face of the record. In conducting this review, we should also consider (1) the willfulness of the default, (2) whether there is a meritorious defense, and (3) the level of prejudice to the non-defaulting party if the default is set aside.

-4-

*Id.* at *3 (citations omitted).

## IV. DISCUSSION

In the instant action, despite being served and having received notice of the Hartford's motion for default judgment and the trial court's hearings considering the motion and the Hartford's damages, Mr. Wyrick failed to file anything with the trial court until after the motion for default judgment was considered by the trial court. Even then, Mr. Wyrick failed to serve opposing counsel with his response. In the handwritten filing, Mr. Wyrick asked that a hearing be held after December 21, 2009, but then failed to appear at the hearing on February 12, 2010.

A default judgment is a final order disposing of a case on its merits, like any other judgment. Such a judgment is generally considered an admission of all the properly pleaded material allegations of fact in the complaint, except the amount of unliquidated damages. *See Patterson v. Rockwell Int'l*, 665 S.W.2d 96, 100 (Tenn. 1984).

We find that despite his periods of incarceration, Mr. Wyrick had ample opportunity to participate in this action against him and failed to do so. He has admitted that he was properly served. He has cited no reason why he could not have contacted an attorney or the court in a timely fashion. We do not find Mr. Wyrick's incarceration rendered him incompetent or excused him from participating in the proceedings. *See Jimenez v. Rosenbaum-Cunningham, Inc.*, No. 07-1066, 2010 WL 1303449, at n.7 (E.D. Pa. Mar. 31, 2010). "His unavailability for hearings and trials [did] not prohibit him from presenting matters to the court on his behalf." *Carson v. Gilleland*, No. M2002-01082-COA-R3-CV, 2003 WL 22037336, at *3 (Tenn. Ct. App. M.S., Aug. 29, 2003). Accordingly, the default judgment is proper.

## V. CONCLUSION

The order granting the default judgment is affirmed, and this case is remanded to the trial court. Costs of the appeal are assessed to appellant, James R. Wyrick.

_____
JOHN W. McCLARTY, JUDGE