# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### October 11, 2016 Session

## HANNAH TURNER EX REL. LIAM TURNER v. CHARLES MICHAEL HOWE, ET AL.

**Appeal from the Circuit Court for Marion County**
**No. 20928      Justin C. Angel, Judge**

_____

**No. M2015-02386-COA-R3-CV – Filed December 20, 2016**

_____

This appeal involves *in personam* jurisdiction over the Appellees, Georgia and Alabama corporations. The trial court granted Appellees' Tennessee Rule of Civil Procedure 12.02(2) motions to dismiss for lack of personal jurisdiction. Appellants appeal. Discerning no error, we affirm and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Marvin Bernard Berke, Jeremy Matthew Cothern, and A. Emma Flynn, Chattanooga, Tennessee, for the appellants, Hannah Turner and Liam Turner.

James Frederick Exum, III, Franklin Pearson Clark, Mary C. DeCamp, and Thomas A. Williams, Chattanooga, Tennessee, for the appellee, North Jackson Pharmacy;

Alaric A. Henry and Thomas Mitchell Horne, Chattanooga, Tennessee, for the appellee, Ponder Pharmacy.

## OPINION

## I. Background

On May 27, 2015, Hannah Turner, individually, and as next friend and mother of the minor child, Liam Turner (together, "Appellants"), filed suit against Charles Howe,

M.D., SP Acquisition Corporation d/b/a Grandview Medical Center ("Grandview"), PHL, Inc. d/b/a The Drug Store ("PHL," and together with Dr. Howe and Grandview, the "Tennessee Defendants"), Ponder Pharmacy ("Ponder"), and North Jackson Pharmacy, ("NJP," and together with Ponder, "Appellees"). Ponder is a Georgia Corporation; NJP is an Alabama Corporation. The amended complaint alleged that the Tennessee Defendants and the Appellees had engaged in a civil conspiracy to overprescribe addictive pain medications to Ms. Turner both before and during her pregnancy with Liam. Appellants asserted causes of action for civil conspiracy, healthcare liability, and negligence.

Concerning the Tennessee Defendants, on April 11, 2016, the trial court entered an order purporting to be a final order as to these parties. However, on review of the record, this Court determined that, although the trial court certified the April 11, 2016 order as a final judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, the order was improvidently certified as final. Accordingly, on October 31, 2016, this Court entered an order dismissing the appeal as to the Tennessee Defendants. Specifically, our order states that

> the trial court's order of April 11, 2016 only disposed of the Plaintiffs'/Appellants' conspiracy claim and did not adjudicate any other claims, as set forth in the Amended Complaint filed in the trial court on May 27, 2015. Thus, the order appealed as to Defendants/Appellees Charles Michael Howe, M.D., S.P. Acquisition Corp. d/b/a Grandview Medical Center, and PHL, Inc. d/b/a The Drug Store, is not a final judgment, and the appeal as to those parties is hereby DISMISSED.

Having dismissed Appellants' appeal as to the Tennessee Defendants, this opinion will address only those issues relating to Ponder and NJP, the sole remaining Appellees in this appeal.

On or about July 10, 2015, by special appearance, Ponder filed a Tennessee Rule of Civil Procedure 12.02 motion to dismiss the amended complaint. As grounds for its motion, Ponder alleged that the trial court lacked personal jurisdiction and that Appellants had failed to state a claim. On August 5, 2015, NJP filed a Tennessee Rule of Civil Procedure 12.02 motion to dismiss, which incorporated Ponder's memorandum filed in support of its Rule 12.02 motion, alleging lack of personal jurisdiction. However, unlike Ponder's motion to dismiss, NJP's motion did not specify that it was making a special appearance.

The trial court heard the Appellees' motions to dismiss on October 5, 2016. At the close of proof, the trial court orally granted Appellees' respective motions to dismiss based on a lack of *in personam* jurisdiction. On November 5, 2015, Appellants filed an objection to the orders submitted by Ponder and NJP regarding the trial court's grant of

their respective motions to dismiss, along with Appellants' own proposed order. On November 16, 2015, Ponder filed an objection to Appellants' proposed order. The trial court erroneously signed and entered all of the proposed orders. In response to the entry of the three competing orders, on December 7, 2015, Appellants filed a "Tennessee Rules of Civil Procedure 59 and 60 Motion to Alter or Amend," wherein they stated, in relevant part, that:

> 1. Plaintiffs and Defendant [NJP] filed competing orders regarding [NJP's] motion to dismiss.
>
> 2. This Court entered Plaintiffs' Order on November 19, 2015 and this Order covered both [NJP] and . . . [Ponder's] motions to dismiss. [This order was filed on November 23, 2015, see supra]
>
> ***
>
> 4. There was a clerical error in that [Ponder's] competing order was also signed.
>
> 5. On November 24, 2015, at a hearing to resolve the competing orders issue, this court held orally that Plaintiffs' order was to constitute the order of this Court.
>
> ***
>
> 12. Plaintiffs, therefore, request for this court to establish the controlling order of this Court by adopting the order submitted by Plaintiffs as the controlling order.

On December 18, 2015, NJP filed a response to Appellants' motion to alter or amend, asking the trial court to adopt its order as the final order of the court. Following a hearing on November 24, 2015, the trial court entered an order on December 29, 2015, wherein it stated, in relevant part, that:

> [M]ultiple orders were inadvertently signed and entered with the orders granting [Ponder] and [NJP's] motions to dismiss. This Court, upon a review of the file as a whole, including the herein identified orders, and argument of counsel, finds that Plaintiffs' submitted order granting Defendants' Motions to Dismiss shall constitute the Order of this Court and the Defendants' submitted Orders must be stricken.

"Plaintiffs' submitted order" is the "Order Granting Defendants Ponder Pharmacy and North Jackson Pharmacy's Tennessee Rule of Civil Procedure 12 Motions to Dismiss,"

which was entered on November 23, 2015. This order incorporates, by reference, "pages 52 through 56 of the transcript." In these transcript pages, the trial court states, in relevant part, that:

> In regards to Ponder Pharmacy, I find that this Court lacks personal jurisdiction for Ponder Pharmacy, and they have not personally availed themselves to the State of Tennessee. The Tennessee long-arm statute does not apply to them, and I will dismiss with prejudice all claims against Ponder Pharmacy.
>
> ***
>
> In regards to North Jackson Pharmacy, I find that they have not personally availed themselves to the State of Tennessee. The long-arm statute does not apply to them. I will dismiss with prejudice all claims against North Jackson Pharmacy.

Following our review of the appellate record, we concluded that the November 23, 2016 order on Ponder and NJP's respective motions to dismiss did not satisfy the requirements of Rule 54.02 of the Tennessee Rules of Civil Procedure as it did not contain "an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Accordingly, in our October 31, 2016 order dismissing the Tennessee Defendants, we also gave Appellants time to cure the deficiency in the order, or to show cause why the appeal, as to the Ponder and NJP, should not be dismissed. In response, Appellants supplemented the appellate record with an order entered in the trial court on November 16, 2016. This order satisfies the requirements of Rule 54.02. Accordingly, the order concerning Ponder and NJP is now final and appealable. Tenn. R. App. P. 3(a).

## II. Issues

Having dismissed the appeal as to the Tennessee Defendants, two issues remain. We state those issues as follows:

1. Whether the trial court erred in granting Ponder and NJP's respective motions to dismiss for lack of *in personam* jurisdiction.

2. Whether the trial court erred in denying Appellants' motion for more time to conduct discovery.

- 4 -

### III. Standard of Review

"The plaintiff bears the ultimate burden of demonstrating that the trial court may properly exercise personal jurisdiction over a defendant." *Gordon v. Greenview Hosp., Inc*., 300 S.W.3d 635, 643 (Tenn. 2009) (citing *Chenault v. Walker*, 36 S.W.3d 45, 56 (Tenn. 2001); *Davis Kidd Booksellers, Inc. v. Day–Impex, Ltd*., 832 S.W.2d 572, 577 (Tenn. Ct. App. 1992)). However, "[t]his burden is ordinarily not a heavy one, because personal jurisdiction need only be demonstrated by a preponderance of the evidence." *Id.* (citations omitted).

A defendant may challenge personal jurisdiction by filing a Tennessee Rule of Civil Procedure 12.02(2) motion to dismiss. *Gordon*, 300 S.W.3d at 643-44. The defendant may or may not choose to support its motion with affidavits or other evidentiary materials. *Id*. at 644 (citing *Humphreys v. Selvey*, 154 S.W.3d 544, 550 n. 5 (Tenn. Ct. App. 2004)). If the defendant does support its motion with affidavits, then "the plaintiff must establish its prima facie showing of personal jurisdiction over the defendant by filing its own affidavits or other written evidence." *Id*. (citing *Chenault*, 36 S.W.3d at 56; *Mfrs. Consolidation Serv., Inc. v. Rodell*, 42 S.W.3d 846, 854-55 (Tenn. Ct. App. 2000)). "[T]he trial court's responsibility is to determine whether the plaintiff has alleged or presented sufficient facts to survive the motion to dismiss." *Id*. (citing *Progeny Mktg. v. Farmers & Merchs. Bank*, No. M2003–02011-COA-R3-CV, 2005 WL 819732, at *2 (Tenn. Ct. App. Apr. 7, 2005)). The trial court must take as true all of the factual allegations in the plaintiff's complaint and supporting papers, if any, and must resolve all factual disputes in the plaintiff's favor. *Id*. (citing *Chenault*, 36 S.W.3d at 56; *Mfrs. Consolidation Serv., Inc*., 42 S.W.3d at 855). "Dismissal is proper only if all the specific facts alleged by the plaintiff collectively fail to establish a prima facie case for personal jurisdiction." *Id.* (citing *Mfrs. Consolidation Serv., Inc.*, 42 S.W.3d at 855).

A decision regarding the exercise of personal jurisdiction over a defendant involves a question of law, which we review "de novo with no presumption of correctness for the purpose of determining whether the plaintiff has made out a prima facie basis for the exercise of personal jurisdiction over the defendant." *Gordon*, 300 S.W.3d at 645. The question before us, then, is whether, taking the plaintiff's factual allegations as true and resolving all reasonably disputed facts in the plaintiff's favor, the plaintiff has shown, by a preponderance of the evidence, that Tennessee courts may properly exercise jurisdiction over the defendant. *See State v. NV Sumatra Tobacco Trading Co*., 403 S.W.3d 726, 739 (Tenn. 2013).

### IV. Analysis

### A. Jurisdiction by Alleged General Appearance of NJP

As noted above, in its filings with the trial court, Ponder specifically stated that it was making a special appearance. NJP, on the other hand, did not include this language in its filings. However, both Ponder and NJP filed notices of appearance in the trial court, and both filed Rule 12.02 motions to dismiss for lack of *in personam* jurisdiction. In its June 10, 2015 Notice of Appearance, NJP states:

> TO: ALL PARTIES OF RECORD IN THIS ACTION, PLEASE TAKE NOTICE THAT: The undersigned are members in good standing of the Bar of the State of Tennessee authorized to practice before this Court. Appearance is hereby entered by the undersigned on behalf of: NORTH JACKSON PHARMACY. All papers hereinafter filed or lodged with the Circuit Court Clerk should include the undersigned in the certificate of service.

Because NJP failed to state that its filings were made by special appearance, Appellants first argue that NJP made a general appearance in the trial court, thus conferring the trial court with *in personam* jurisdiction over NJP.

As a general rule, "[a]ll appearances are deemed to be general unless the contrary appears." *Akers v. Gillentine*, 231 S.W.2d 372,376 (Tenn. Ct. App. 1950), *perm. app. denied* (Tenn. March 31, 1950). In other words, "the filing of any pleading, making or resisting of any motion, . . . or any other act in the cause, between the filing of the complaint and rendition of the final decree, whereby pendency of the suit is recognized, expressly or by implication, will, if there be record evidence of the fact, constitute a general and unlimited appearance, unless limited by express declaration or by necessary implication." *Patterson v. Rockwell International*, 665 S.W.2d 96, 99 (Tenn. 1984) (citing *Akers*, 231 S.W.2d at 376). Because NJP failed to make an "express declaration" of special appearance, Appellants contend that its appearance in the trial court was a general appearance and that jurisdiction, therefore, lay in the trial court. While we concede that the best practice, when making a special appearance, is to include a statement, in the filing, that same is made by special appearance, a special appearance may also be found by "necessary implication." As explained by the Tennessee Supreme Court:

> It is recognized that an appearance may be expressly made by formal written or oral declaration, or record entry, to the effect that the defendant appears, or it may be implied from some act done with the intention of appearing and submitting to the court's jurisdiction. However, **before an appearance will be found by implication, it must be shown from the defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff other than one contesting only the jurisdiction of the court** or by reason of some act or proceeding recognizing the case as being in court.

*Patterson*, 665 S.W.2d at 99-100 (citing 6 C.J.S. <u>Appearances</u> § 18 (1975)) (emphasis added). In other words, "although an act of a defendant may have some relation to the cause, it does not constitute a general appearance, if it in no way recognizes that the cause is properly pending or that the court has jurisdiction and no affirmative action is sought from the court." *Id*. at 100 (citing 6 C.J.S. <u>Appearances</u> § 19 (1975)). As explained by the Tennessee Supreme Court, "before an appearance will be found by implication, it must be shown from the defendant's seeking, taking or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff other than one contesting only the jurisdiction of the court . . . ." *Id.* at 99-100. The gravamen, therefore, is whether NJP has sought some affirmative relief from the trial court, or has acted in a manner inconsistent with the claim of absence of jurisdiction. *See Tennessee Dept. of Human Services v. Daniel*, 659 S.W.2d 625 (Tenn. Ct. App. 1983), *perm. app. denied* (Tenn. Oct. 24, 1983).

Turning to the record, NJP did not file an answer to the amended complaint. Its first substantive filing was the motion to dismiss, memorandum in support thereof, and supporting affidavit. The motion to dismiss specifically disputes the trial court's jurisdiction over NJP. NJP filed no other substantive motions. Because NJP's only filing in this case was made to dispute *in personam* jurisdiction, we conclude that its appearance before the trial court was implicitly a special appearance solely to contest jurisdiction. Accordingly, NJP did not waive the *in personam* jurisdiction question through its appearance or filings in the trial court.

## B. *In Personam Jurisdiction*

Tennessee's long-arm statute permits the courts of this state to exercise jurisdiction on "'[a]ny basis not inconsistent with the constitution of this state or of the United States.'" *Mfrs. Consolidation Serv., Inc*., 42 S.W.3d at 855 (quoting Tenn. Code Ann. §§ 20-2-214(a)(6), 20-2-225(2)). "When a state's long-arm statute authorizes the assertion of personal jurisdiction to the limits of federal due process, as does Tennessee's long-arm statute, the issue becomes simply whether the trial court's exercise of personal jurisdiction over the defendant meets due process requirements." *Id.* "[D]ue process obligates the courts to ascertain whether it is 'fair and substantially just to both parties to have the case tried in the state where the plaintiff has chosen to bring the action.'" *Gordon v. Greenview Hosp., Inc.,* 300 S.W.3d 635, 646 (Tenn. 2009) (quoting *Masada Inv. Corp. v. Allen*, 697 S.W.2d 332, 335 (Tenn. 1985)). A state cannot enter a binding judgment against a defendant that has "'no contacts, ties or relations'" with the state. *State v. NV Sumatra Tobacco Trading Co*., 403 S.W.3d 726, 743 (Tenn. 2013) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). However, the United States Supreme Court announced long ago that "due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum

contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). The Court's "minimum contacts" language "has been the crux of personal jurisdiction in America ever since International Shoe was decided." *NV Sumatra*, 403 S.W.3d 726 at 741-42 (Tenn. 2013).

"Federal and state courts now recognize two varieties of personal jurisdiction—specific jurisdiction and general jurisdiction." *Gordon*, 300 S.W.3d at 647. "Specific jurisdiction may be asserted when the plaintiff's cause of action arises from or is related to the nonresident defendant's activities in or contacts with the forum state." *Id*. In order to invoke specific jurisdiction, the plaintiff must show that the nonresident defendant has purposefully established significant contact with the forum state and that the plaintiff's cause of action arises out of or is related to these activities or contacts. *Id*. (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528). The Tennessee Supreme Court recently "reiterate[d] the law of specific personal jurisdiction, as it applies in Tennessee[,]" in *NV Sumatra*:

> Due process permits a state to enforce its judgments against a defendant only when the defendant has sufficient minimum contacts with the state that jurisdiction does not offend traditional notions of fair play and substantial justice. Minimum contacts are present when the defendant's purposeful conduct and connection with the forum state are such that the defendant avails itself of the benefits and protections of the state's laws and should, therefore, reasonably anticipate being haled into that state's courts.
> Assessing minimum contacts involves a two-part test. The first step is the fact-gathering exercise of identifying the relevant contacts. The plaintiff is required to establish that minimum contacts exist by a preponderance of the evidence. The court should consider the quantity of the contacts, their nature and quality, and the source and connection of the cause of action with those contacts. A defendant's contacts are sufficiently meaningful when they demonstrate that the defendant has purposefully targeted Tennessee to the extent that the defendant should reasonably anticipate being haled into court here.
> If the court finds sufficient minimum contacts, then the inquiry should proceed to the second step. At step two, the defendant bears the burden of showing that, despite the existence of minimum contacts, exercising jurisdiction would be unreasonable or unfair.

*Id*. at 759-60. "Both steps call for a careful, not mechanical, analysis of the facts of each case with particular focus on the defendant, the forum, and the nature of the litigation." *Davis Kidd Booksellers, Inc. v. Day-Impex, Ltd.*, 832 S.W.2d 572, 575 (Tenn. Ct. App. 1992).

Turning to the record, in support of its motion to dismiss, Ponder filed the affidavit of its owner, Leslie "Ernie" Ponder. In relevant part, Mr. Ponder states that "Ponder Pharmacy was a Georgia Limited Liability Company with its sole office and principal place of business located in Trenton, Georgia. As of December 2014, Ponder Pharmacy is now an Alabama corporation with offices in Alabama." In his affidavit, Mr. Ponder further states that Ponder has never advertised in Tennessee, nor otherwise sought customers in this state.

In its motion to dismiss, NJP avers that it is an Alabama corporation. In support of its motion, NJP filed the affidavit of its owner, Bryan Hicks. In relevant part, Mr. Hicks states that NJP does not advertise in Tennessee and does not solicit customers here. From our review of the record, we conclude that Appellants failed to meet their burden to show that either Ponder or NJP has purposefully established significant contacts with Tennessee so as to establish specific *in personam* jurisdiction over either appellee.

Unlike specific *in personam* jurisdiction, the second type of *in personam* jurisdiction, i.e., general *in personam* jurisdiction, "may be asserted when the plaintiff's cause of action does not arise out of and is not related to the nonresident defendant's activities in the forum state." *Gordon*, 300 S.W.3d at 647. As stated by the *Gordon* Court,

> The threshold for satisfying the requirements for general jurisdiction is substantially higher than the requirements for establishing specific jurisdiction. 4 Charles Alan Wright & Arthur R. Miller Federal Practice and Procedure § 1067.5, at 517. An assertion of general jurisdiction must be predicated on substantial forum-related activity on the part of the defendant. The nonresident defendant's contacts with the forum state must be sufficiently continuous and systematic to justify asserting jurisdiction over the defendant based on activities that did not occur in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. [408,] at 416 [(1984)], 104 S.Ct. 1868; *Perkins v. Benguet Consol. Mining Co.*, 342 U.S.[437,] at 448 [(1952)], 72 S.Ct. 413; *Lindsey v. Trinity Commc'ns, Inc.*, 275 S.W.3d [411,] at 417 [(2009)]; *see also* 4 Federal Practice and Procedure § 1067.5, at 507.
> The general jurisdiction inquiry is very different from the specific jurisdiction inquiry. The United States Court of Appeals for the Fifth Circuit has pointed out that "[u]nlike the specific jurisdiction analysis, which focuses on the cause of action, the defendant and the forum, a general jurisdiction inquiry is dispute blind, the sole focus being on whether there are continuous and systematic contact between the defendant and the forum." *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 339 (5th Cir.1999). In order to warrant the exercise of general jurisdiction over a

nonresident defendant, "the defendant must be engaged in longstanding business in the forum state, such as marketing or shipping products, or performing services or maintaining one or more offices there; activities that are less extensive than that will not qualify for general *in personam* jurisdiction." 4 Federal Practice and Procedure § 1067.5, at 507.

The proper analysis for determining whether a defendant's contacts are "continuous and systematic" enough to warrant an assertion of general jurisdiction requires ascertaining whether "the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." ***Lindsey v. Trinity Commc'ns, Inc.,*** 275 S.W.3d at 417 (quoting ***Int'l Shoe Co. v. Washington***, 326 U.S. at 318, 66 S.Ct. 154).

***Gordon***, 300 S.W.3d at 647-48 (footnote omitted).

As discussed above, neither appellee has "continuous and systematic" contacts with Tennessee. In addition to the fact that neither appellee does business or advertises in Tennessee, the record also shows that Ms. Turner travelled to the Appellees' locations to procure her prescriptions. In defining when a potential defendant should "reasonably anticipate" out-of-state litigation, the Court frequently has drawn from the reasoning of ***Hanson v. Denckla***, 357 U.S. 235, 253 (1958):

The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

This "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts, ***Keeton v. Hustler Magazine***, 465 U.S. 770, 774 (1984); ***World-Wide Volkswagen***, 444 U.S. at 299, or of the "unilateral activity of another party or a third person," ***Helicopteros Nacionales de Colombia,*** 466 U.S. at 417. There is no showing here that either Ponder or NJP purposefully directed its commercial activities to Tennessee residents. The contacts between the Appellees and Tennessee resulted from Ms. Turner's unilateral pursuit of Appellees' services.

## C. Conspiracy Jurisdiction

Appellants further contend that Tennessee may exercise *in personam* jurisdiction

over the Appellees based on the conspiracy allegations set out in Appellants' amended complaint. Specifically, Appellants allege that Appellees "entered into a conspiracy with the [Tennessee Defendants]." Appellants further state that "this conspiracy was masterminded by the Defendants Howe and Grandview." While Tennessee has adopted a conspiracy theory of personal jurisdiction, *see Chenault v. Walker,* 36 S.W.3d 45 (Tenn. 2001), the Tennessee Supreme Court noted that, in order for conspiracy jurisdiction to apply,

> [t]he coconspirator must commit an overt act in furtherance of the conspiracy which, if committed by the out of state defendant, would subject that defendant to personal jurisdiction, under the long arm statute of the forum state. In other words, a court must always determine that it could exercise jurisdiction over the conspirator whose conduct is attributed to the defendant consistently with *International Shoe* and its progeny.

*Chenault*, 36 S.W.3d at 54. In her affidavit, filed in response to Appellees' motions to dismiss, Ms. Turner alleges, in relevant part, that:

> 4. Dr. Howe referred to the pharmacies that I used, and have named as Defendants in this lawsuit, as "friends" who "owed him a favor."

> 5. Dr. Howe told me I could not go to my regular pharmacies and instead directed me to the pharmacies that owed him favors.

> 6. I heard Dr. Howe call his friends at Ponder Pharmacy . . ., and he told them he needed favors and to fill the prescriptions in my name and other peoples' names for me . . .

> 7. Dr. Howe would call the pharmacies beforehand to let them know where he could send me with the prescriptions each time. Certain days, I would not go to certain pharmacies because he "would not work there today," according to Dr. Howe.

It is axiomatic that, in order for there to be a conspiracy, "[e]ach conspirator must have the intent to accomplish [a] common purpose, and each must know of the other's intent." *Brown v. Birman Managed Care, Inc.*, 42 S.W.3d 62, 67 (Tenn. 2001). Although conspiracy is usually established through circumstantial evidence and inferences drawn therefrom, *see First Am. Title Ins. Co. v. Cumberland Co. Bank*, 633 F. Supp.2d 566, 588 (M.D. Tenn. 2009), "circumstantial evidence regarding the existence of a civil conspiracy must create more than a suspicion or conjecture that a conspiracy exists." *Id.* Rather, "[i]t must enable reasonable persons to infer that two or more persons jointly assented to accomplish [the conspiracy]." *Id* As set out above,

Appellants' complaint avers only that the Appellees "entered into a conspiracy with [the Tennessee Defendants,]" which conspiracy was allegedly masterminded by Dr. Howe and Grandview. Taking the allegations in the complaint as true and giving every reasonable inference in favor of Appellants as the non-moving parties (as we must do in reviewing a motion to dismiss), the civil conspiracy claim asserted against the Appellees is stated as a mere conclusion without specifying the facts giving rise to the alleged conspiracy. Likewise, Ms. Turner's affidavit does not specify the exact role Appellees may have played in furthering the plan that Dr. Howe and Grandview allegedly masterminded. In fact, Ms. Turner's affidavit states that "[o]ver time, the pharmacies became familiar with me. If I was rejected by the pharmacy when I attempted to refill my prescription early, I would return the same day with a prescription from Dr. Howe in another person's name. . . ." Referring to this statement, the trial court found that, "[i]f there is a conspiracy, she is a co-conspirator playing right along with it." The trial court further noted that "I don't know how you can be involved in a conspiracy if you are rejecting somebody who is trying to get the prescriptions." From our review of the Appellants' complaint and affidavits, we conclude that Ms. Turner has failed to aver sufficient facts to establish that the Appellees had an agreement or mutual understanding to accomplish the goal of over prescribing her addictive pain medication. Accordingly, we hold that jurisdiction over the Appellees, under the conspiracy theory of jurisdiction, has not been satisfied by the Appellants.

## D. Additional Time for Discovery

In their final issue, Appellants argue that the trial court erred in denying their request to conduct limited discovery on the issue of personal jurisdiction. On or about August 29, 2015, Appellants filed a "Tennessee Rule of Civil Procedure 56.07 Motion for Continuance of Hearing . . .To Permit Written and Deposition Discovery," wherein they argued, in relevant part, that

> 2. Tennessee Rule of Civil Procedure 56.07 permits the nonmoving party to seek "a continuance" to permit discovery to be taken, which is necessary to respond to the moving party's motion for summary judgment.
> 3. In this case, substantive discovery is needed before any dispositive motion can be reasonably heard.
> 4. North Jackson Pharmacy's includes evidence outside the pleadings, the affidavit of Bryan Hicks, the Motion to Dismiss is treated as one for Summary Judgment, and therefore must be filed at least thirty (30) days prior to the hearing. North Jackson Pharmacy filed their Motion to Dismiss on August 5, 2015 and later filed an Addendum on August 7, 2015. As such, it is also procedurally inappropriate to hear North Jackson Pharmacy's motion on August 25, 2015.
> As such, [Appellants] request this Court stay any hearing on North Jackson Pharmacy's motion to dismiss until discovery is conducted. . . .

Clearly, at the trial level, Appellants argument concerning additional time for discovery rested on Appellants' assertion that the trial court's consideration of affidavits, filed in support of the Appellees' motions to dismiss, converted the motions to dismiss to ones for summary judgment. However, on appeal, Appellants raise, for the first time, the argument that the discovery they sought in the trial court was for determination of jurisdiction. As such, they contend that the trial court abused its discretion in denying them the opportunity for written discovery. Although, "[u]nder Tennessee law, issues raised for the first time on appeal are waived," *Black v. Blount*, 938 S.W.2d 394, 403 (Tenn.1996), in the interest of full adjudication, we will address both the summary judgment ground for continuance as well as the jurisdictional discovery basis for continuance, although only the first ground was raised in the trial court.

Concerning whether the trial court's consideration of the affidavits filed in support of Appellees' motions to dismiss was error, as discussed above, the proper means of disputing *in personam* jurisdiction is by filing a Tennessee Rule of Civil Procedure 12.02 motion. *Gordon*, 300 S.W.3d at 643-44 (holding that a defendant may challenge personal jurisdiction by filing a Tennessee Rule of Civil Procedure 12.02(2) motion to dismiss). In filing a Rule 12.02 motion, a defendant may or may not choose to support its motion with affidavits or other evidentiary materials. *Id*. at 644 (citing *Humphreys v. Selvey*, 154 S.W.3d 544, 550 n. 5 (Tenn. Ct. App. 2004)). If the defendant does support its motion with affidavits, then "the plaintiff must establish its prima facie showing of personal jurisdiction over the defendant by filing its own affidavits or other written evidence." *Id*. (citing *Chenault*, 36 S.W.3d at 56; *Mfrs. Consolidation Serv., Inc. v. Rodell*, 42 S.W.3d 846, 854-55 (Tenn. Ct. App. 2000)). Accordingly, the mere filing of affidavits in support of or opposition to a motion to dismiss does not convert Appellees' Rule 12.02 motions to motions for summary judgment. Thus, the additional discovery contemplated by Tennessee Rule of Civil Procedure 56.07 (i.e., the rule Appellants rely on in their motion) was not triggered in this case.

Concerning the argument that the trial court should have granted a continuance so that Appellants could conduct additional discovery concerning the question of jurisdiction, as stated by the Tennessee Supreme Court:

> We review decisions regarding pretrial discovery requests under an "abuse of discretion" standard. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) (citing *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d 22, 42 (Tenn. 2005); *Benton v. Snyder*, 825 S.W.2d 409, 416 (Tenn.1992); *Loveall v. Am. Honda Motor Co.*, 694 S.W.2d 937, 939 (Tenn.1985)). Using this standard, we must uphold a lower court's decision unless we determine that it "applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an

injustice to the party complaining." *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn.1997) (citing *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn.1996)). The appellate court may not simply "substitute its judgment for that of the trial court." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn.2001) (citing *Myint v. Allstate Ins. Co*., 970 S.W.2d 920, 927 (Tenn.1998)).

*First Community Bank, N.A. v. First Tennessee Bank, N.A., et al.*, 489 S.W.3d 369, 402 (Tenn. 2015). In *First Community Bank*, the Tennessee Supreme Court established the framework applicable to the question of whether a party should be allowed jurisdictional discovery. Specifically, the Court held

> that determining whether to permit limited discovery prior to ruling on a motion to dismiss for lack of personal jurisdiction is an extremely fact-based determination that is best left to the discretion of the trial court. In making such a determination, trial courts, as a threshold issue, first should determine whether the plaintiff has set out sufficient facts to establish a colorable claim for personal jurisdiction. If the threshold of a colorable claim is met, trial courts then should consider the following non-exclusive factors to determine whether to grant jurisdictional discovery: (1) whether the plaintiff has shown that there is a likelihood that discovery will yield facts that will influence the personal jurisdiction determination; (2) whether the plaintiff has laid out with particularity the evidence sought by discovery; (3) whether the evidence sought is the type which would normally be in the exclusive control of the defendant; (4) whether the case is particularly complex; and (5) whether the plaintiff's interest in discovery outweighs the policy concerns of subjecting a nonresident defendant to burdensome discovery at such an early stage and seeking to avoid allowing the plaintiff to conduct a "fishing expedition."

489 S.W.3d at 405.

As set out above, Appellants' motion for continuance does not satisfy the foregoing criteria for jurisdictional discovery. First, Appellants have not averred or explained how additional discovery "will yield facts that will influence the personal jurisdiction determination," nor have the Appellants "laid out with particularity the evidence sought by discovery." In the absence of specificity as to the type of evidence or its applicability to the question of jurisdiction, we cannot conclude that the trial court abused its discretion in denying Appellant's request for a continuance to conduct further discovery.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order, granting Appellees'

motions to dismiss for lack of *in personam* jurisdiction. The case is remanded for such further proceedings as are necessary and consistent with this opinion. Costs of the appeal are assessed to the Appellants, Hannah Turner and Liam Turner, and their surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE